Saul Moskoff, J.
Petitioner in this proceeding brought pursuant to section 461 of the Family Court Act, applies for an order modifying a Mexican decree of divorce with respect to support for the two children in the custody of the petitioner. She bases her application on alleged increased needs for the children and an increase in respondent’s income.
The hearing has been held on two separate days and petitioner has not yet rested her case. On the second day of the hearing, the petitioner called the respondent to testify in support of the petitioner’s case and required the production of certain books and records relating to the financial circumstances of the respondent, in accordance with a subpoena duces tecum, so ordered by the court and theretofore served upon the respondent. The respondent declined to produce the hooks and records and refused to answer any questions directed to him by petitioner’s attorney which related to his financial circumstances. He now *860 moves to quash the subpoena, relying heavily, if not exclusively, upon the holding of the Appellate Division, First Department, in a prior appeal in this proceeding (Matter of Schwartz v. Schwartz, 23 A D 2d 204).
On the prior appeal, the question before the Appellate Division was the right of the petitioner to a court audit of the books and records. Not in issue then and not considered by the Appellate Division was the question of proof upon the hearing held pursuant to section 433 of the Family Court Act.
There is now presented an entirely different question — the elements of proof available to petitioner on a hearing to establish her claim in behalf of the children.
It is patent upon reading the decision of the Appellate Division that the prior appeal hinged solely upon the question of a court audit preliminary to a hearing or final determination. The references to the provisions of the CPLR relating to disclosure proceedings and protective devices and the recitation of judicial authority as to examination before trial in a matrimonial action amply support this view.
Court audit procedures in the Family Court may well be equated with an examination before trial under the former Civil Practice Act and with disclosure proceedings under the present CPLR. Until certain necessary elements are established in a matrimonial action, disclosure proceedings are not available to a litigant. However, this does not mean to say that in the trial of a matrimonial action the defendant may not be called by the plaintiff as the plaintiff’s witness to testify as to facts which would substantiate the plaintiff’s claim.
Thus, in Schwartz (supra), the Appellate Division held that an audit of the books and records of the respondent is not warranted until the petitioner has established, by testimony at a hearing, a basis for relief. The Appellate Division did not limit, and this court does not construe its opinion as limiting, the relief to the children on a full hearing of the issues solely to the question of the needs of the children.
In passing, it is noted that in the moving papers on this application it is stated that “ contrary to Section 435 (a) of the Family Court Act which permits disclosure of my books and records only to the court, Judge Moskoff overruled objections by my counsel”. (Italics supplied.) This statement is consistent with the erroneous view held by respondent as to the effect of the prior decision. .Subdivision (a) of section 435 does not at all deal with “ disclosure it specifically is concerned with the “ hearing” in a support case. Moreover, its language neither specifically nor by implication authorizes the court to look at or *861 into books and records in the absence of the parties and their counsel. Any such tortuous interpretation of the statute would render the proceeding one in camera, violative of due process. This is particularly so because in the context of the facts of this case, the question of the financial circumstances of the respondent is a vital issue and basic to any finding that the Mexican decree should be modified.
The respondent argues, in effect, that absent proof of a change in the needs of the children, the Family Court is powerless to modify upward a foreign decree. Section 461, however, does not limit the change in circumstances to the needs of the children. It provides that the Family Court may “ (ii) entertain an application to modify such order on the ground that changed circumstances requires such modification ”. Moreover, that section also provides in subdivision (a)A separation agreement, a decree of separation, and a final decree or judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under sections four hundred thirteen and four hundred fourteen of this article ”. Section 413 charges a father with the support of his child and requires him to pay for the support of the child “ a fair and reasonable sum according to his means ”. (Emphasis supplied.) That section does not limit the support to the needs of the children.
Conceivably, the needs of the children may not have increased one iota. Nevertheless, if the proof were to establish that the respondent’s net income has doubled, tripled or quadrupled since the making of the agreement and entry of the decree, an upward modification for the children might be warranted irrespective of the children’s needs. This reasoning is based upon the settled proposition that the children are entitled to be supported in accordance with the present means of their father without regard to any agreement made for them by their mother based upon their father’s income at the time such agreement was executed.
The petition here alleges *1 The needs of the children have increased due to added educational expenses, medical expenses, clothing expenses, transportation and food expenses; and that the Respondent’s income has increased.” (Emphasis supplied.)
The petitioner is entitled to attempt to prove the foregoing allegations by any means available to her. The respondent enjoys no immunity from being required to testify at the behest of the petitioner or from being required to produce his books and records relating to material and relevant matters.
The issue thus presented is a narrow one — is a substantial increase in the financial condition of a father in and of itself, *862 when established, sufficient to warrant an increase in support for the children1? If it is, as this court believes, then the testimony of the father and his books and records are material, relevant and competent and may be offered by the petitioner as part of her affirmative case. Any other process of reasoning could lead to absurd results. Children whose fathers have become millionaires could not benefit from the good fortune of their fathers since by the expedience of alleged immunity the father could withhold from the court on the hearing the facts as to his increased income. If no other means were available to establish the wealth of the father, the children would be helpless to receive the relief available to them by law — support in accordance with the means of respondent.
The welfare of the two teen-age children cannot be considered in the abstract even though their minimal needs may be already provided for by the agreement. Equally important are the financial circumstances of their father and whether such circumstances have changed so substantially that the interests and welfare of the children may be enhanced by an upward modification.
It may be argued that adherence to the views herein expressed would lend encouragement to a vexatious former wife to hail a respondent into Family Court without adequate basis and for the purpose of engaging in a fishing expedition. The short answer is found in the Appellate Division holding in Schwartz (supra, p. 208) where it is suggested that audited income tax returns would suffice for a determination of the issues.
It will be noted, too, that the subpoena duces tecum served upon the respondent calls for the production, inter alia, of the ‘ ‘ copies of original tax returns of Marvin Schwartz and audited returns for any of the calendar years 1961-1965, inclusive ”. The refusal of respondent to produce at least these returns runs contra to the Schwartz holding.
The motion to quash the subpoena duces tecum is denied without prejudice to the right of the respondent to object to any of the particular items on the ground of confidentiality. Petitioner’s cross motion is in all respects denied.