Hugh R. Elwyn, J.
In this habeas, corpus proceeding to obtain visitation privileges with the children now in the respondent’s custody, the respondent asks the court to fix and determine the extent of the petitioner’s responsibility for the education and maintenance of the children (Domestic Relations Law, § 240). During the course of the initial hearing the respondent’s counsel caused to be served upon the petitioner a subpoena duces tecum requiring the production at the trial of “ all relevant books, *347 bank statements, bank books, check books, financial statements, income tax returns for the years 1965 through 1970 for both Burton Manufacturing Company, Inc. and Burton L. G-reenwald, including but not limited to, records pertaining to all the finances of the above named petitioner and books of account and ledger sheets pertaining to income and disbursements incurred by both of the above in connection with the conduct of their respective businesses, also savings bank pass books, including all communications and reports to Dun and Bradstreet.”
The petitioner moves to quash the subpoena, relying upon the holding of the Appellate Division, First Department in Matter of Schwartz v. Schwartz (23 A D 2d 204) that there must be a preliminary showing of special circumstances before a disclosure of the father’s financial circumstances would be ordered. The petitioner’s reliance upon the holding of the Appellate Division in the Schwarts case, which dealt with disclosure provisions of article 31 of the CPLR and their applicability to proceedings in the Family Court, is misplaced, as a reference to the opinion of the Family Court Judge in Matter of Schwartz v. Schwartz (48 Misc 2d 859) will show. It is there pointed out that the Appellate Division did not consider the question of the elements of proof available to a petitioner upon a hearing to establish her claim on behalf of her children, which was the question before the Family Court in the Schwarts case and is the same identical question now before this court.
“ The father of a minor child is chargeable with the support of his child and, if possessed of sufficient means or able to earn such means, may be required to pay for his support a fair and reasonable sum according to his means, as the court may determine.” (Family Ct. Act, § 413.) The term “means” is not limited to income or earning capacity, so that the petitioner’s offer in evidence of his Federal income tax returns does not necessarily reveal the full extent of his means. Webster’s New International Dictionary defines means as “ resources (as of force or wealth) available for disposal: Material resources in such supply as to form the basis for an economically secure and sheltered life (a man of means); broadly: wealth, money.” Funk & Wagnall’s Standard College Dictionary defines means as “money, property, or other resources; wealth: a Man of Means”.
In Matter of Goldberg v. Berger (31 A D 2d 637) the Appellate Division, Second Department said: “ A child is entitled to support from its father not only in accord with its needs but also in accord with the father’s means. This encompasses his ability to pay in relation to his wealth.”
*348 In any event, the rule of Matter of Schwartz v. Schwartz (23 A D 2d 204, supra), relied upon by the petitioner, has apparently been overruled by the holding of the Appellate Division in Matter of Handel v. Handel (32 A D 2d 946, affd. 26 N Y 2d 853) where, in a proceeding to modify the respondent’s support obligations in a separation agreement which had been incorporated in a Mexican divorce decree, the Family Court had denied the petitioner’s motion for pretrial examination, primarily upon the ground that evidence of the children’s increased needs must first be shown at a hearing before disclosure of the father’s financial condition will be granted. In reversing, which reversal was affirmed by the Court of Appeals (26 N Y 2d 853), the Appellate Division said: “ The law is clear that a substantial increase in the financial condition of a father is an independent ground sufficient to support an increase in support for his children. (Family Ct. Act, § 413; Matter of Goldberg v. Berger, 31 A D 2d 637; Matter of Swerdloff v. Weintraub, 26 A D 2d 826.) Since substantial increase of the means of the father may be the sole justification for increasing the children’s support, it was an abuse of the lower court’s discretion to condition examination of the father’s resources upon a preliminary showing that the children’s needs have increased ”.
In the Schwartz case reported at 48 Misc 2d 859, the court asks the question (pp. 861-862): “is a substantial increase in the financial condition of a father in and of itself, when established, sufficient to warrant an increase in support for the children? ” The court then answers the question posed by saying: “ If it is, as this court believes, then the testimony of the father and his books and records are material, relevant and competent and may be offered by the petitioner as part of her affirmative ease. ’ ’
The only discernible difference between the situation presented in the Schwartz case and the case now on trial in this court is that the former was an application for an increase in support whereas the present case is one in which an initial direction of support is sought.
For the reasons set forth in Matter of Schwartz v. Schwartz (48 Misc 2d 859, supra) the motion to quash the subpoena duces tecum is denied, without prejudice to the right of the petitioner to raise any valid objection to the admissibility of particular items upon the trial. Although the needs of the children are of course relevant to the amount of support required, and there should in the first instance be some proof of the children’s requirements (Matter of Silvestris v. Silvestris, 24 A D 2d 247; Matter of Antelo v. Antelo, 27 A D 2d 825; Brock v. Brock, *349 4 A D 2d 747; Matter of Sullivan v. Sullivan, 55 Misc 2d 691), the court may assume that the children have a need in some amount and no preliminary showing thereof is necessary for the father’s financial resources to be material and relevant upon a trial of the issue (Matter of Handel v. Handel, 32 A D 2d 946, affd. 26 N Y 2d 853).
The petitioner has already offered and there have been received in evidence his personal Federal income tax returns for the years 1967,1968 and 1969. To that extent, the petitioner has already complied with the subpoena and as to those years no further compliance, insofar as his personal tax returns are concerned, is required. The demand for his personal and corporate 1970 tax return is of course premature since the year has not yet ended and the return is not yet due. The demand for tax returns for the years 1965 through 1966 is in my opinion too remote in time to be relevant to the petitioner’s present means and earning capacity, and to require their production at this date imposes too onerous a burden upon the petitioner. In the exercise of discretion the court limits the requirements to produce income tax returns to the years 1967, 1968 and 1969 (CPLR 3103).
Since it appears from the testimony already adduced that the petitioner is the majority stockholder and is in control of Burton Manufacturing Co., Inc. of which he is the president and by whom he is employed, the financial condition of the corporation is relevant to the issues raised by this proceeding. Except as herein limited, the petitioner is ordered to produce all books, records and papers required to be produced by the supoena duces tecum.