■ IRENE C. BORDENKA, Appellant, v EDWARD BORDENKA, Respondent.— In a matrimonial action in which plaintiff had been granted a judgment of divorce, she appeals from so much of an order of the Supreme Court, Richmond County, dated December 7, 1976, as (1) discontinued support payments for the son of the parties and (2) provided that support payments for the support of the daughter be terminated upon her eighteenth birthday. Order modified, on the law and the facts, by (1) deleting the first decretal paragraph thereof and substituting therefor provisions that respondent's support payments to Edward Bordenka shall continue in the amount of $25 per week until he reaches the age of 21 years or becomes emancipated and (2) deleting from the second decretal paragraph thereof the words "eighteen years" and substituting therefor the words "21 years or becomes emancipated." As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to appellant. The judgment of divorce provided that defendant pay support for the two children of the marriage "until they either attain their majority or emancipation". The judgment was entered on September 27, 1974 and was based upon written decision dated June 13, 1974. The age of majority, as used in the Domestic Relations Law, was changed to 18 years of age, effective September 1, 1974 (Domestic Relations Law, § 2). However, the obligation of a father to support his child continues until the child reaches age 21 (Family Ct Act, § 413). In *Pechstein v Pechstein* (49 AD2d 886, 887-888), faced with a similar issue, we wrote: "We have no way of knowing whether the author of the order gave specific attention to whether the child's needs required such payments until she was 21 or whether 21 was merely intended as a synonym for the age of majority, with no special concern as to the specific age at which majority is reached. We believe that section 240 of the Domestic Relations Law mandates that modification of child support provided in a matrimonial judgment should be decided on an *ad hoc* basis, i.e., on facts and not on labels. That section provides that 'the court must give such direction, between the parties, * * * as, in the court's discretion, justice requires, having regard to the circumstances of the case', and that 'the court may annul or modify any such

direction'." On the facts presented, we see no reason to relieve respondent of his obligation to support his children at this time. Although the daughter has just recently reached 18, she is still living at home and attending parochial high school. Neither has there been any showing of sufficient change in circumstances to warrant a termination of support payments for the son of the parties. Under these circumstances, support for the children should continue until they either reach age 21 or become emancipated. Plaintiff has been forced to seek aid from public assistance. We see no reason to disturb the exercise of discretion by Special Term in providing for her support while she remains unemployed. Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.