■ In the Matter of JUNE POULOS, Respondent, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, Respondent, and STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the State Commissioner of Social Services, dated April 6, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for medical assistance, the State commissioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered May 20, 1977, as granted the petition and remanded the matter to the local agency for reconsideration. Permission for the taking of this appeal is hereby granted by Mr. Justice Martuscello (see *Matter of Soros v Board of Appeals of Vil. of Southampton,* 24 AD2d 705; *Matter of North Amer. Holding Corp. v Murdock,* 6 AD2d 596, 600, affd 6 NY2d 902). Judgment reversed insofar as appealed from, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. The sole issues before this court are those which were raised at Special Term. Petitioner's reference to matters not in the record, and to issues not raised at Special Term, is improper (see, e.g., *American Ind. Contr. Co. v Travelers Ind. Co.,* 54 AD2d 679, affd 42 NY2d 1041; *Wright v Wright,* 226 NY 578). Pursuant to the Social Security Act and section 366 of the Social Services Law, this State has elected to provide medical assistance to certain individuals deemed to be "medically needy," who are not eligible for public assistance, yet are unable to meet the cost of medical care and services (Social Services Law, § 366, subd 1, par [a], cl [5]; US Code, tit 42, § 1396a, subd [a], par [10], cl [C]). Pursuant to the authorization contained in section 366 (subd 1, par [a], cl [5]) of the Social Services Law, the Department of Social Services has promulgated a regulation which provides for the consideration of six months' "excess" income as being an available resource where the applicant requires in-patient care (18 NYCRR 360.5 [d] [2] [i]). Where out-patient care is utilized, however, the regulation provides for the consideration of only the excess income for the month or months in which services were actually provided (18 NYCRR 360.5 [d] [2] [iii]). Petitioner contends that this regulation creates an unreasonable and arbitrary classification in violation of her right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution. The gravamen of petitioner's argument is that as an in-patient for a period of less than one month she must devote six times more of her income toward the cost of medical care than an individual who is similarly situated but requires only out-patient treatment. Appellant argues, however, that the regulatory scheme is merely more liberal with regard to out-patient care,*

---

* The Federal regulations direct that "only such income * * * not in excess of six months" may be considered in determining eligibility requirements for Medicaid (45 CFR 248.3 [c] [4]).

requiring less excess money from this class of applicants, in order "to encourage the use of ambulatory out-patient care whenever possible rather than the more expensive in-patient care." In *Dandridge v Williams* (397 US 471, 485) the Supreme Court of the United States examined the standard of review applicable in equal protection challenges of this nature: "In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' *Lindsley v. Natural Carbonic Gas Co.*, 220 U. S. 61, 78. 'The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific.' *Metropolis Theatre Co. v. City of Chicago*, 228 U. S. 61, 69-70. 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' *McGowan v. Maryland*, 366 U. S. 420, 426." Utilizing this very narrow standard of review, we hold that the classifications established in the regulation are rationally based and free from invidious discrimination. Notwithstanding the alleged inequities raised by the circumstances of petitioner's individual case, the fact remains that encouragement of less expensive out-patient care within the Medicaid system is an entirely rational and laudable objective of the regulation. Martuscello, J. P., Titone, Shapiro and O'Connor, JJ., concur.