■   In the Matter of ERNEST RICKENBACKER, Respondent, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, Appellant, and J. HENRY SMITH, as Commissioner of the New York City Department of Social Services, Respondent.—Judgment, Supreme Court, New York County, entered January 6, 1978, which granted a petition in an article 78 proceeding to reverse and annul a determination of respondent State commissioner finding petitioner responsible for payment of $620.68 medical bills, reversed, on the law, without costs, petition dismissed and determination confirmed. Petitioner applied for medical assistance authorization for himself and his family in connection with a medical bill arising out of his wife's hospitalization. The New York City Department of Social Services (Agency) determined that petitioner was responsible for payment of the bill to the extent of $620.68. That sum was arrived at by finding pursuant to section 366 of the Social Services Law that petitioner had a monthly excess income of $103.44 and then applying the requirement embodied in 18 NYCRR 360.5 (d) (2) that excess income for a period of six months shall be available for payment for in-patient hospital care. Following a fair hearing, the Agency's determination was affirmed by the State commissioner. The single issue in this article 78 proceeding is presented by petitioner's challenge to the validity of 18 NYCRR 360.5 (d) (2), which provides in substance that for in-patient hospital care excess income for a period of six months shall be considered available for payment but that for

medical care and service outside a medical institution only the excess income for the month or months in which care or services are given shall be so considered. Petitioner contends, and Special Term held, that this distinction is not authorized by the statute, lacks a rational basis, and violates petitioner's rights to the equal protection of the laws under the Fourteenth Amendment to the Constitution. An appropriate starting point for analysis is 45 CFR 248.3 (c) (4) which provides in pertinent part that "only such income and resources will be considered as will be 'in hand' within period, not in excess of six months ahead, including the month in which medical services * * * were rendered." Under this regulation, to which State plans must conform, it would have been permissible for the New York State Department of Social Services to require payment of excess income for up to six months for medical services rendered outside of a medical institution as well as for in-hospital services. The regulation here challenged clearly reflected a judgment that there were characteristics of medical services rendered outside a medical institution that justified imposing a more limited contribution. Such services are usually much less expensive than in-hospital services and are more likely to continue for more than a single month, in which event the patient would be required to make additional contributions for each month in which the services had been received. The issue before us is whether there is a rational basis for the distinction set forth in the challenged regulation, not whether it is possible to envisage a formula that would more precisely and equitably relate the financial assistance provided to need and resources. So considered, the distinction seems to us to have a rational basis in light of the factors noted above, coupled with the legitimate public policy in favor of encouraging where reasonably possible medical services to be rendered outside of institutions. (See *Matter of Poulous v D'Elia,* 66 AD2d 820.) Concur—Birns, J. P., Sandler, Silverman and Bloom, JJ.