■ HENRY P. LYLE, Respondent-Appellant, v ANTOINETTE LYLE, Appellant-Respondent.—In an action in which the parties had been granted a judgment of divorce on the ground of their having lived separate and apart in excess of two years pursuant to a judgment of separation entered in favor of the defendant wife, (1) defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County, dated October 23, 1978, as (a) terminated plaintiff's support payments for the parties' two eldest children, aged 20 and 19, respectively, as of the date of the order, (b) denied her application for increased alimony and support payments, and (c) awarded an attorney's fee of only $1,500, and (2) plaintiff cross-appeals from so much of the same order as awarded defendant a counsel fee. Order modified, on the law, by deleting the first four decretal paragraphs thereof, and substituting therefor a provision that the children are entitled to paternal support in the amount decreed until each has attained the age of 21 years or has earlier become emancipated. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Under section 413 of the Family Court Act, as amended effective September 1, 1974 (L 1974, ch 937, § 2), a father's obligation to support his minor children extends to "a child under the age of twenty-one years" (see *Bordenka v Bordenka,* 59 AD2d 520). On this record we see no reason to depart from the statutory requirement. The alimony and support provisions were otherwise fair and equitable in the light of the parties' respective incomes and expenses, as was the counsel fee awarded at Special Term. Mangano, J. P., Rabin, Margett and Martuscello, JJ., concur.