■ In the Matter of SYLVIA GROSS, Respondent, v JACK GROSS, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals from an order of the Family Court, Queens County, dated June 1, 1978, which, after a hearing, (1) fixed the amount of support for the petitioner wife at $275 per week, and (2) awarded a counsel fee of $2,000. Order modified, on the law, by deleting therefrom the provision awarding a counsel fee of $2,000. As so modified, order affirmed, without costs or disbursements, and proceeding remitted to the Family Court for a hearing on the issue of counsel fees and for a determination *de novo* as, in the court's discretion, justice requires, having regard to the economic needs of both parties and the circumstances of the case. In *Childs v Childs* (69 AD2d 406), applicable to this proceeding since it was pending on March 5, 1979, the date of the decision in *Orr v Orr* (440 US 268), we held that section 237 of the Domestic Relations Law was constitutional insofar as it authorizes the trial court to award counsel fees to either party on a gender-neutral, needs-only basis. Section 438 of the Family Court Act also provides for counsel fees, based on the same standards as section 237 of the Domestic Relations Law (see *Rosner v Rosner,* 82 Misc 2d 603), including gender. Therefore, we hold that section 438 of the Family Court Act must be construed on a gender-neutral, needs-only basis. On the record before us, we cannot determine the wife's ability to pay her attorney because there is no indication of the source of the $7,500 that she had advanced counsel as a retainer, with the understanding that counsel "would return to petitioner

the amount advanced pursuant to the court's directions." Titone, J. P., Gibbons, Cohalan and Martuscello, JJ., concur.