■ JEANNINE CORIGLIANO, Respondent, v DOMINIC CORIGLIANO, Appellant.—In an action in which the plaintiff was granted a divorce, the defendant appeals from an order of the Supreme Court, Nassau County, dated March 23, 1979, which, *inter alia,* (1) denied his cross motion for a downward modification of the alimony provision of the judgment of divorce and (2) granted plaintiff judgment in the sum of $3,250 for arrears in support payments. Order reversed, without costs or disbursements, and matter remitted to Special Term for determination of the plaintiff's motion and defendant's cross motion on the merits, in accordance with the views expressed herein. In 1971 the plaintiff obtained a judgment of divorce on the ground of cruel and inhuman treatment. Defendant was directed to pay the plaintiff $50 per week for her support and that of their two infant children. He paid her this amount weekly until September, 1976, by which time both children had become emancipated. He unilaterally reduced his support payments to plaintiff to $25 per week. By order to show cause dated January 24, 1979 the plaintiff moved to increase the support provision of the judgment of divorce on the ground of changed circumstances and need. She asked for $85 per week to supplement her net earnings of $210 a week. She also sought judgment for arrears of $25 per week since September, 1976, together with a $750 counsel fee in connection with the motion. The defendant cross-moved to reduce plaintiff's support to $25 per week on the

ground that he had lost his job and his only income was unemployment insurance of $125 per week. On March 23, 1979 Special Term denied both motions with respect to the issue of support on the ground that they were made pursuant to sections 236 and 237 of the Domestic Relations Law. On the strength of *Orr v Orr* (440 US 268) the court held that these sections unconstitutionally permitted wives, but not husbands, to obtain alimony, thereby according different treatment on the basis of sex. On July 11, 1979, while the present appeal was pending, we decided *Childs v Childs* (69 AD2d 406), in which we held that the constitutionality of section 237 of the Domestic Relations Law (and also section 244) may be upheld by substituting the gender-neutral word "spouse" for the sexist words "husband" and "wife". We further held that this construction would be retroactive only to proceedings and applications pending on March 5, 1979, the date of the *Orr* decision. Here, both plaintiff's motion and defendant's cross motion were brought prior to March 5, 1979 and were decided thereafter. Their applications were therefore pending on that date and are governed by the construction of the Domestic Relations Law announced in *Childs v Childs (supra).* Our decision in *Childs* did not become effective until July 11, 1979, the day it was handed down, and consequently the order appealed from, though proper when made, may not be affirmed. Construing sections 236 and 237 of the Domestic Relations Law in the light of our decision in *Childs v Childs (supra),* it clearly appears that they are not unconstitutional under *Orr v Orr (supra).* The motions to modify the judgment of divorce should therefore be decided on the merits, and we remit them to Special Term for that purpose. In view of the emancipation of both the infant children herein, the question of the amount of arrears, if any, is remitted to Special Term for a determination *de novo* upon whatever evidence (including testimony) the parties wish to present. Titone, J. P., Gibbons, Cohalan and Martuscello, JJ., concur.