■ In the Matter of NYACK HOSPITAL, as Attorney-in-Fact for Albert Izzo, Respondent, v NOAH WEINBERG, as Commissioner of the Rockland County Department of Social Services, Respondent, and CARMEN SHANG, as Acting Commissioner of the Department of Social Services of the State of New York, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated June 15, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency denying in part petitioner's application for medical assistance, the State commissioner appeals from a judgment of the Supreme Court, Rockland County, entered November 27, 1978, which granted the petition and remanded the matter to the local agency for reconsideration. Judgment reversed, on the law, without costs or disbursements, determination reinstated and confirmed and proceeding dismissed on the merits (see *Matter of Rickenbacker v Toia,* 68 AD2d 871; *Matter of Poulos v D'Elia,* 66 AD2d 820). Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.

■ In the Matter of VERNA N. SEWARD, Respondent, v DONALD SEWARD, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Queens County, dated December 18, 1978, which granted the petitioner wife support and counsel fees. Order affirmed, with costs. Petitioner commenced this proceeding for support pursuant to section 412 of the Family Court Act. Prior to this proceeding, the estranged parties had entered into a separation agreement which provides for child support but makes no provision for support of the petitioner. Significantly, the agreement expressly states that the husband understands that the wife is not prohibited from asserting a future claim for her support. After conducting a hearing, the Family Court concluded that petitioner was now entitled to support because of her present inability to work due to the disabling effects of an accident. The court also awarded counsel fees. The order should be affirmed. The husband's constitutional challenge to section 412 of the Family Court Act is entirely without merit in view of our recent decision in *Lebensfeld v Lebensfeld* (72 AD2d 790), in which the statute was construed to be gender neutral thereby complying with the requirements of *Orr v Orr* (440 US 268; see, also, *Childs v Childs,* 69 AD2d 406). We similarly construe section 438 of the Family Court Act, which provides for the award of counsel fees *(Childs v Childs, supra).* Based upon the relative circumstances of the parties as fully developed in the record, the award of support and counsel fees was entirely proper. Rabin, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.