■ FRANCINE SCHIFFMAN, Appellant, v STEVEN SCHIFFMAN, Respondent. — In a proceeding to modify the provisions of a foreign judgment of divorce, the petitioner appeals from so much of a judgment of the Supreme Court, Queens County, dated February 6, 1979, as (1) directed the respondent to pay child support in the amount of only $50 biweekly for each of three children, (2) directed that the payments shall continue only until each of the three children shall attain the age of 19 years, and (3) awarded a counsel fee of only $1,000. Judgment modified, on the law and the facts, (1) by deleting the first decretal paragraph thereof and substituting therefor a provision that the respondent shall pay biweekly support for the children of the marriage in accordance with the provisions of the separation agreement dated June 12, 1974, and (2) by increasing the amount of the counsel fee in the third decretal paragraph thereof from $1,000 to $2,500. As so modified, judgment affirmed insofar as appealed from, with costs payable to the petitioner. Petitioner and respondent were divorced after nine years of marriage by a bilateral decree of divorce entered in the Second Civil Court for the District of Bravos, State of Chihuahua, Republic of Mexico on November 12, 1970. Three children, still infants today, had been born of the marriage. The Mexican decree did not contain any provisions for support of the petitioner or the infant children, nor was any written agreement to that effect entered into by the parties prior thereto.

Thereafter, on June 12, 1974, the parties executed an agreement establishing, *inter alia,* that respondent would make biweekly child support payments totaling $150. The agreement provided that such payments would terminate or be reduced as follows: "as each reaches the age of 19, the current level of support then being paid or obligated shall be reduced by 25% except that when the youngest child shall reach 19 all support by [respondent] shall cease except as he may voluntarily contribute". Petitioner commenced this proceeding in 1977 in order to establish the proper measure of child support to be paid by the respondent and asked the court to modify the Mexican judgment so as to increase the amount of support beyond the $150 biweekly payments made by respondent pursuant to the 1974 agreement. The petition also asked for an award of counsel fees as against the respondent. After a hearing before Special Term, the court, in essence, directed the biweekly payment of child support in the sum of $50 for each child until each of the three children should attain the age of 19 years and awarded the petitioner a counsel fee in the amount of $1,000. Agreements entered into between parents for the support of their children are entitled to enforcement in accordance with their terms *(Matter of Boden v Boden,* 42 NY2d 210). There is, of course, a statutory duty of support which continues until a child attains the age of 21 years or is otherwise sooner emancipated (Family Ct Act, § 413; Domestic Relations Law, § 32, subd 3; *Lyle v Lyle,* 72 AD2d 597). Nevertheless, under the holding of *Boden (supra),* the parents may contract so as to apportion support of the children between themselves. Even so, the duty of support to the children continues on the part of both parents and cannot be eliminated by contract. Here we deal only with the apportionment of support between the parents. Hence, we modify the judgment to direct that the respondent shall pay support in accordance with the agreement. We see no change of circumstances which requires either an increase or decrease in the amount of support. The record indicates that the respondent had an approximate 33⅓% increase in income between the time of the 1974 agreement and the institution of this proceeding. However, no increase in the needs of the children was demonstrated, other than that precipitated by the rise in the cost of living. Lastly, we find that on the record before us, the award of counsel fees was inadequate to the extent indicated. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.