■ ELISSA CANINO, Respondent, v ROBERT E. CANINO, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered May 7, 1980 in Ulster County, which, *inter alia,* required defendant to pay child support and attorney's fees. Plaintiff and defendant have been married since July, 1960. In January, 1980, plaintiff commenced the instant action against defendant seeking a divorce on the grounds of cruel and inhuman treatment. Defendant filed an answer generally denying the allegations of the complaint. Special Term awarded plaintiff exclusive custody of the three children of the marriage, ages 18, 16 and 14. Defendant was allowed reasonable visitation rights, and was ordered to pay child support of $100 per week and attorney's fees of $750. Defendant was ordered not to dispose of any assets, except in the ordinary course of business. Both parties were ordered not to liquidate a $5,000 certificate of deposit pending trial. On appeal, defendant contends that the court did not legally apportion between both parties the cost of child support because the support order merely stated that defendant pay a fixed weekly sum of money for child support. We find no merit in this argument. The court's decision properly takes into consideration the respective financial condition of both husband and wife in accordance with sections 236 and 240 of the Domestic Relations Law. The assets of the parties are not unsubstantial. They jointly own a marital domicile valued at over $100,000. The defendant owns several other pieces of realty and, also, re-

cently acquired a new business into which he invested some $20,000. For 18 months after this separation, defendant paid plaintiff $200 a week for support and maintenance. The plaintiff earns $223 a week as a teacher. The expenses to maintain herself and her children amount to $476 a week. Defendant claims he built the family home with $60,000 of his own funds. All of these circumstances support the propriety of the award of $100 per week child support to be paid by defendant to plaintiff. The needs of plaintiff and the children exceed the award. It is obvious that plaintiff's income must supplement defendant's payments. Both parties are contributing to the children's support and maintenance. Additionally, we note that the financial abilities of defendant are substantial and adequate to meet the obligation imposed on him. For the same reasons stated above, the award of counsel fees to plaintiff was appropriate. Section 237 of the Domestic Relations Law leaves the matter of attorney's fees to the discretion of the trial court. It is a matter within the court's discretion to be controlled by the equities and circumstances of the particular case. Plaintiff's need for counsel fees is adequately documented so as to justify the award made herein. Defendant's challenge to the constitutionality of sections 236, 237 and 240 of the Domestic Relations Law is also meritless. These laws have been interpreted in recent cases as gender neutral and their constitutionality affirmed (*Corigliano v Corigliano,* 74 AD2d 630; *Karp v Karp,* 70 AD2d 813; *Childs v Childs,* 69 AD2d 406, app dsmd 48 NY2d 754). Order affirmed, with costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.