STEPHANIE MATSUO, Respondent-Appellant, v YOSHIRO MATSUO, Appellant-Respondent. — Cross appeals from an order of the Supreme Court at Special Term (Kuhnen, J.), entered August 25, 1982 in Otsego County, which, *inter alia,* granted plaintiff a temporary counsel fee of $3,500 and denied plaintiff's motion for exclusive possession of a certain 1980 Mercedes automobile. In June, 1982, defendant was personally served with an order to show cause with a summons for divorce attached as an exhibit. By this order to show cause plaintiff sought, *inter alia,* temporary child support, temporary maintenance, temporary counsel fees and exclusive possession of a certain Mercedes automobile. Defendant submitted an affidavit in opposition alleging, among other things, that the court lacked jurisdiction because no divorce action was pending. Special Term thereafter issued an order granting plaintiff temporary custody of the children of the marriage, temporary child support and maintenance in the amount of $1,000 per month, temporary counsel fees of $3,500 and exclusive possession of the marital home. That part of plaintiff's motion seeking exclusive possession of the Mercedes automobile was denied. These cross appeals ensued. Initially, defendant contends that the court lacked jurisdiction over him because the summons was not served as a single document or with a complaint but was attached as a final exhibit to the order to show cause. Defendant does not deny that he was personally served within the State with the summons (see CPLR 308, subd 1). We find no statutory requirement that the summons must be served alone or accompanied by the complaint. In the present case, we conclude that service of the summons on defendant at the time the order to show cause was served was sufficient to give

the court jurisdiction over defendant at the time the order herein appealed from was issued. Defendant also argues that the court improperly awarded plaintiff counsel fees due to the fact that she owns a diamond ring and fur coat and is a tenant by the entirety of the marital home. The record presently reveals, however, that defendant, in 1981, had an adjusted gross income of approximately $115,000 and a taxable income of approximately $69,000, while plaintiff is unemployed. The matter of attorney's fees is within the court's discretion to be controlled by the equities and circumstances of each particular case, and considering the record in the present case we find no abuse of discretion by Special Term in its award of counsel fees (see *Canino v Canino*, 80 AD2d 932). Plaintiff has cross-appealed from so much of Special Term's order as denied her exclusive possession of a 1980 Mercedes automobile. As noted by Special Term in its decision, the 1980 Mercedes in question is owned by defendant's solely owned professional corporation and plaintiff has the use of a 1980 Subaru automobile. Considering the temporary nature of the relief sought and the fact that plaintiff does have the use of another recent model automobile, we find no abuse of discretion by Special Term in denying plaintiff the exclusive possession of the Mercedes automobile (see Domestic Relations Law, § 234). Accordingly, the order should be affirmed. Order affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.