OPINION OF THE COURT
Hugh R. Elwyn, J.
The petitioner seeks both to enforce and to modify a Colorado divorce judgment which had incorporated by ref *95 erence a separation agreement, and which, as modified, obligated the respondent to pay $100 per month for the support of his daughter until she reached the age of 18 years.
Although the court might have entertained a petition to modify the Colorado judgment under the authority of section 461 (subd [b], par [ii]) of the Family Court Act upon the ground that changed circumstances required such modification, the petitioner has chosen instead to resort to the simple expedient of registering a foreign child support order in this court pursuant to section 37-a of the Domestic Relations Law (as added by L 1980, ch 227, § 1, eff Aug. 9, 1980).
Since by virtue of the provisions of section 37-a (subd 6, par [a]) of the Domestic Relations Law “Upon registration the registered foreign child support order shall be treated in the same manner as a support order issued by a court of this state”, the petitioner urges that this court by virtue of the provisions of section 451 of the Family Court Act[1] may now modify the Colorado judgment by requiring the respondent to conform to New York law regarding his child support obligations.
Upon registration of the Colorado divorce judgment with this court the clerk of the court promptly complied with the provisions of section 37-a (subd 5, par [b]) of the Domestic Relations Law by sending by certified mail to the respondent at the California address given, a notice of the registration with a copy of the registered child support order and the post-office address of the petitioner. The clerk also docketed the case and notified the support collection unit of his action.
The respondent did not avail himself of the relief provided by section 37-a (subd 6, par [b]) of the Domestic Relations Law by moving to vacate the registration or for *96 other relief. Consequently, the support order of the Colorado court is confirmed (Domestic Relations Law, § 37-a, subd 6, par [b]). Instead, the respondent has through his California counsel filed a document denominated a “Response” in which he acknowledges the Colorado decree, admits that he resides in Tahoe City, State of California, and that he is the father of the child, Robin Martini. His “Response” also raises numerous defenses arising out of the separation agreement and the Colorado judgment to the petitioner’s application for an increase in child support from $100 to $300 per month and the extension of the respondent’s child support obligation until the child becomes 21.
As for the enforcement of the Colorado support order, which by virtue of section 37-a (subd 6, par [a]) of the Domestic Relations Law has become “a support order issued by a court of this state”, the court has already made orders that the respondent pay to the petitioner the sum of $3,500 with interest, representing child support of $100 per month, as provided in the registered support order, and which had accrued under the Colorado judgment[2] and has further ordered the respondent to continue to pay the monthly sum of $100 until the child attains the age of 18 as provided in the Colorado court’s order. All of this was done in recognition of the validity of the Colorado court’s judgment. The court also, pursuant to the discretion accorded it by section 238 of the Domestic Relations Law has accorded the petitioner’s counsel attorney’s fees in the amount of $1,402.50 for legal services rendered to the petitioner in the enforcement of the separation agreement and the Colorado court’s order (Fabrikant v Fabrikant, 19 NY2d 154; Resslhuber v Resslhuber, 57 AD2d 552; Holliday v Holliday, 58 AD2d 619; Galyn v Schwartz, 77 AD2d 437; Heaney v Heaney, 93 Misc 2d 811, 816-817).
The petitioner has now moved, upon notice to the respondent, for an order of this court (1) requiring respondent to pay child support for his daughter from the date of her *97 eighteenth birthday on December 27, 1982 until she attains 21 years of age, (2) setting the amount of child support to be paid by respondent during this three-year period, (3) directing respondent to pay certain outstanding hospital and physician’s charges, (4) awarding petitioner counsel fees in connection with the prosecution of this proceeding, and (5) for such other and further relief as may be just and proper, together with costs and disbursements. The respondent has filed an affidavit in response to the motion for modification of the child support order and the petitioner’s counsel has filed a reply affirmation.
The court agrees with the petitioner’s contention that under New York law the respondent’s obligation to support his daughter extends until the child reaches 21 years of age (Domestic Relations Law, § 32, subd 3; Family Ct Act, § 413); that the respondent is legally liable for the support of any dependent child, notwithstanding the fact that the respondent has obtained in another State or country a final decree of divorce (Domestic Relations Law, § 33, subd 4); that “[a] separation agreement, a decree of separation, and a final decree or judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under section four hundred thirteen of this article” (Family Ct Act, § 461, subd [a]); that the duty of support of the children continues on the part of both parents until the child’s twenty-first birthday and cannot be eliminated by contract; that an attempt by the respondent to evade his statutory obligation to provide support for his daughter until she reaches the age of 21 years by means of a contract with the mother is not permissible (Matter of Parker v Stage, 43 NY2d 128, 133; Toppel v Toppel, 67 AD2d 628; Lyle v Lyle, 72 AD2d 597; Schiffman v Schiffman, 79 AD2d 971; Blauner v Blauner, 60 AD2d 215; Stern v Stern, 59 AD2d 857; Matter of Carter v Carter, 58 AD2d 438; Belaustegui v Belaustegui, 85 Misc 2d 1015,1019; Matter of Belt v Belt, 67 Misc 2d 679; Matter of Kern v Kern, 65 Misc 2d 765; Matter of Zoro v Lino, 71 Misc 2d 725; Fanelli u Barclay, 100 Misc 2d 471); and that while the terms of a separation agreement may *98 bind husband and wife, the child is not bound thereby and that the child has a right to be supported by its father regardless of the existence of the separation agreement’s provision for support (Boden v Boden, 42 NY2d 210, 212). These well-established principles of family law have been previously recognized by this court in its decision in Matter of Shinouda v Shinouda (96 Misc 2d 290, citing Moat v Moat, 27 AD2d 895; Matter of Brock v Brock, 4 AD2d 747; Matter of Schwartz v Schwartz, 48 Misc 2d 859).
There is, however, considerable doubt as to whether public policy considerations would require the application of New York law to the respondent’s support obligation where that obligation has already been fixed by a court of another State.[3]
If this were a conventional support proceeding brought under either article 4 of the Family Court Act or under the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A) and the respondent had been brought under the jurisdiction of this court through the issuance and service of a summons upon him within the jurisdiction of the court (Family Ct Act, §§ 411, 426, 427; Domestic Relations Law, § 37) there is no doubt that the foregoing legal principles urged by the petitioner, and with which this *99 court concurs, would have to be applied in determining the respondent’s obligation for the support of his daughter.
The problem is not so much what the law of New York is, as it is whether the court through the petitioner’s resort to the registration of a foreign support order pursuant to section 37-a of the Domestic Relations Law has acquired the personal jurisdiction over the respondent so as to support her application.
The petitioner alleges no change of circumstances which would require a modification of the Colorado judgment (see Family Ct Act, § 461, subd [b], par [ii]); the argument advanced in support of the motion is simply that the court in this proceeding for the registration of a foreign support order (Domestic Relations Law, § 37-a, subd 6, par [a]), which upon registration “shall be treated in the same manner as a support order issued by a court of this state” should now apply New York law to the respondent’s support obligation and make its own order fixing the amount of that obligation by increasing it from $100 to $300 per month, extending that obligation until the child attains 21 years of age, and directing the respondent to pay certain outstanding hospital and physician’s charges.
The petitioner’s counsel contends that because the respondent has filed a “Response” to the clerk’s notification of the registration with this court of the Colorado support order that the respondent has made a general appearance in the proceeding and that the court has thereby acquired personal jurisdiction over the respondent (CPLR 320, subd [b]) which would render any order issued by this court fully enforceable in a California court as a personal judgment against the respondent, a resident of California, which order would also be entitled to full faith and credit by the United States Constitution.
The construction which the petitioner’s counsel seeks to put upon the respondent’s “Response” to this proceeding for the enforcement of the Colorado support order is too broad. The respondent’s appearance in the proceeding does not, in the court’s judgment, authorize the court to make any personal judgment against the respondent.
*100 The statute itself (Domestic Relations Law, § 37-a, subd 6, par [b]) plainly grants the respondent the right, within 20 days after the mailing of notice of the registration to petition to vacate the registration or for other relief and section 37-a (subd 6, par [c]) of the Domestic Relations Law limits the respondent on an application to vacate to the presentation of only such matters as would be available to him as defenses in an action to enforce a money judgment. Nowhere in section 37-a can there be found any authority for the court to grant the petitioner any relief other than to enforce the foreign support order as written; there is no authority for the court to modify the foreign support order by making its burden more onerous upon the respondent. Nor can the court find in section 37-a any authority, merely because the respondent has appeared in the proceeding for the purpose of resisting the enforcement of the support order for the court to make its own order, as is urged by the petitioner, granting the petitioner affirmative relief in the form of a personal judgment against the respondent through the application of New York law.
The statute (Domestic Relations Law, § 37-a) provides merely that upon registration of the foreign child support order, “It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner” (Domestic Relations Law, § 37-a, subd 6, par [a]; emphasis supplied).
“At the hearing to enforce the registered child support order the respondent may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. If he shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired, or the order is vacated, upon satisfactory proof that the . respondent has furnished security for payment of the support ordered as required by the rendering state. If he shows to the court any ground upon which enforcement of a support order of this state may be stayed the court shall stay enforcement of the order for an appropriate period if the respondent furnishes the same *101 security for payment of the support ordered that is required for a support order of this state” (Domestic Relations Law, § 37-a, subd 6, par [c]; emphasis supplied).
In construing this statute in an effort to ascertain its true meaning the court notes that the statute repeatedly uses the words “enforce” and “enforcement”, but says absolutely nothing about' the court’s power to entertain an application to modify a foreign support order, through the application of New York law.
The maxim of statutory construction, expressio unius est exclusio alterius would seem to apply. Where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded (McKinney’s Cons Laws of NY, Book 1, Statutes, § 240).
The conclusion that the power to modify the foreign support order was intended to be excluded from the court’s authority with respect to the foreign support order is consistent with the intent of the statute which, given its natural and obvious meaning without resorting to an artificial or forced construction, was to provide a petitioner who was the beneficiary of a foreign support order an additional means of enforcing the. order (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 94).
Moreover, to hold that a New York court could modify the Colorado support order, even though it has by virtue of the provisions of section 37-a of the Domestic Relations Law become an order of this court, absent any showing of a change in circumstances, by the simple expedient of applying New York law, which appears to be at variance with Colorado’s, would violate the full faith and credit clause of the United States Constitution (US Const, art IV, § 1; see, also, CPLR 5401, 5402).
Even if this proceeding could properly be considered as one brought pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), rather than as an application to modify the Colorado support order, the relief sought cannot be granted by way of a motion. The procedure under the Uniform Support of Dependent’s Law *102 contemplates a hearing (Domestic Relations Law, § 37, subd 6) to which the respondent, who resides within the court’s jurisdiction has been summoned to appear (Domestic Relations Law, § 31, subd 8) and is afforded an opportunity to be heard and to present witnesses and to be advised of his right to counsel (Family Ct Act, §§ 411, 433).
Moreover, the moving papers disclose nothing of the petitioner’s financial circumstances — information without which the court cannot possibly discharge its responsibility of apportioning between the parents their shared responsibility of supporting their daughter (Family Ct Act, § 413; Domestic Relations Law, § 32, subd 3).
The petitioner’s motion seeks to cast the whole burden of the increased cost of support and for the daughter’s college and medical expenses upon the father. While there once was a time when it was only the father who was responsible for the support of his minor children (see Family Ct Act, former § 413, which had been construed as charging “the father with the primary obligation for support of his child”; Bauer u Bauer, 55 AD2d 895, 896) and hence the wife’s financial means were considered irrelevant to the father’s obligation to support his minor children (Drazin v Drazin, 31 AD2d 531; Santasiero v Briggs, 278 App Div 15, 18; Matter of Rudnick v Rudnick, 55 Misc 2d 532, 535), this is no longer true.
With the passage of the Equitable Distribution Law (eff July 19, 1980) and related amendments to the Family Court Act it is no longer the father who has the sole responsibility for supporting his minor children, but both parents are now chargeable with the support of their minor children according to their respective means, in such amount as the court may determine and apportion (Family Ct Act, § 413, as amd by L 1980, ch 281, § 28, eff July 19, 1980).
Consequently, even if an increase in child support were warranted by an increase in the child’s needs (see Matter of Brescia v Fitts, 56 NY2d 132; Matter of Michaels v Michaels, 56 NY2d 924), the increased cost of those needs may. not be cast upon the father alone, if the mother has some financial ability to meet those needs. Under current law *103 which must be applied to current enforcement proceedings (Matter of Shapiro v Ehrenpreis, 108 Misc 2d 495) there is simply no longer any legal justification for requiring, as the petitioner’s motion seeks to do, the father to bear the whole burden of the increased costs of the child’s support. That cost, whatever it may be, must now be borne by both parents according to their respective means, as the court may determine and apportion (Family Ct Act, § 413; Matter of Carter v Carter, 58 AD2d 438, supra; Tessler v Siegel, 59 AD2d 846; Krok v Krok, 75 AD2d 865; see, also, concurring opn of Latham, J., in Bauer v Bauer, 55 AD2d 896-898, supra).
Even if this proceeding could be construed as an application for a de novo support order pursuant to the Uniform Support of Dependents Law, the petitioner’s motion papers provide insufficient financial information concerning the parties’ respective means for the court to make any rational and fair apportionment of the increased costs of child support between the parents.
The motion is, therefore, denied.
COUNSEL FEES
The petitioner’s motion for modification of the Colorado support order so as to conform it to New York law also asks for an award of counsel fees.
However, unlike the petitioner’s application in the enforcement proceeding, the motion papers are not accompanied by an attorney’s affidavit detailing the legal services rendered. There is therefore no supportable basis upon which to evaluate the monetary worth of counsel’s services to the petitioner.
Moreover, in matrimonial actions or support proceedings counsel fees may be awarded by the court, whether pursuant to section 237 of the Domestic Relations Law or section 438 of the Family Court Act[4]-[5] on a gender-neutral basis *104 only (Orr v Orr, 440 US 268; Childs v Childs, 69 AD2d 406, 414-415, app and cross app dsmd 48 NY2d 754, cert den 446 US 901; Martin v Martin, 74 AD2d 419, 425; Corigliano v Corigliano, 74 AD2d 630, 631; Matter of Seward v Seward, 75 AD2d 583; Palmer v Palmer, 76 AD2d 905; Albanese v Albanese, 75 AD2d 987; Goodell v Goodell, 77 AD2d 684, 685; Jadhon v Jadhon, 77 AD2d 790).
On this motion, the wife’s need for an allowance of counsel fees is not adequately documented so as to justify an award in her favor (Canino v Canino, 80 AD2d 932, 933). The court cannot determine the wife’s ability to pay her attorney because there is before the court no information whatever as to her financial resources (Matter of Gross v Gross, 73 AD2d 949).
The petitioner’s application for an allowance of counsel fees cannot be determined without a hearing (Kaplan v Kaplan, 78 AD2d 872, 873; Yagoda v Yagoda, 73 AD2d 619; Wood v Wood, 73 AD2d 963; Matter of Czarnecki v Mendoza, 79 AD2d 604).
Consequently, the motion insofar as it seeks an allowance of counsel fees must likewise be denied. •

. Family Ct Act, § 451. “Continuing jurisdiction. The court has continuing jurisdiction over any support proceeding brought under this article until its judgment is completely satisfied and may modify, set aside or vacate any order issued in the course of the proceeding.” However, the court’s power under this section is only exercised when intervening material change of circumstances has occurred since the prior order was made (Matter of Medici v Medici, 53 Misc 2d 826; Matter of Sullivan v Sullivan, 55 Misc 2d 691; Hansom v Hansom, 75 Misc 2d 3).

. Contra see Mailer of,Jane S. D. v Francis X. D (110 Misc 2d 737, 742), which holds that, since subdivision 2 of section 34 of the Domestic Relations Law, which defines the jurisdiction and powers of the court in a Uniform Support of Dependents Law proceeding (Domestic Relations Law. art 3-A) does not provide for the granting of arrears, an award or cancellation of arrears may not be made under section 37-a.

. See Nola J. v Hugh F. (108 Misc 2d 925, 926-927), in which the Family Court of Westchester County, in a Uniform Support of Dependents Law proceeding (Domestic Relations Law, art 3-A) wherein the petitioner sought support for a child over 18 years of age, said:
“Under Oklahoma law, a parent is chargeable with the support of his or her child under the age of 18 years. (Okla Stats Ann, tit 12, § 1277.) Consequently, the Oklahoma court’s certification is one of entitlement until age 18.
“This court, in turn, looks to New York law for purposes of adjudicating the extent of respondent’s duty. In doing so, the court finds that the Texas divorce judgment terminated the respondent’s child support obligation on the child’s 18th birthday, and that both parties appeared before the Texas court. In recognition of the valid Texas judgment, and in the absence of strong public policy considerations which would mandate a contrary result, the respondent’s child support obligation under New York law terminated on the child’s 18th birthday.
“Thus, the issue remaining before this court is petitioner’s application for an upward modification for the period between the date on which the petition was certified by the Oklahoma court and the child’s 18th birthday.
“Accordingly, respondent’s motion to dismiss is denied. Refer to hearing examiner on the sole question of whether, under New York law, a petition for an increase in child support for the period between July 22,1980 and January 1,1981 shall be sustained, and if so, to what extent.”

. “Section 438 of the Family Court Act also provides for counsel fees, based on the same standards as section 237 of the Domestic Relations Law (see Rosner v Rosner, 82 Misc 2d 603), including gender” (Gross v Gross, 73 AD2d 949).

. Matter of Dannheim v Babbitt (48 Misc 2d 310) which “declined to interpolate section 438 of the Family Court Act in a U.S.D.L. proceeding and denied an application *104 for counsel fees * * * may be deemed to be overruled by Matter of Murdock v. Settembrini (21 NY 2d 759 [1968]) in which Court of Appeals affirmed the award of counsel fees by the Family Court which applied section 438 of the Family Court Act in a proceeding under the U.S.D.L. which contains no provision for counsel fees” (Matter of Schneider v Schneider, 72 Misc 2d 423, 424).