Nathan B>. Sobel, S.
The husband of the natural mother seeks to adopt her son, James, born out of wedlock. The child’s *712 birth certificate bears the name of his father. There is no issue as to paternity.
Despite the fact that neither notice of nor consent to the adoption was required of the father of a child born out of wedlock (Domestic Relations Law, § 111, subd. 3) the father was cited.
He appeared and filed an answer. He sets up a written contract entered into between the natural mother and himself. Hnder the contract the father has been paying for the support of the child until the commencement of this proceeding. In more pertinent part, the contract provides: 1 ‘ The partial relinquishment of the custody of the child by the Father to the Mother, as in this paragraph provided, shall not be construed to be a consent on the part of the Father to the adoption of the child by any other person ”.
The parties in their submission of the issue to this court treat this provision as an agreement by the mother that the child will not be offered for adoption. On its face it is nothing of the kind. It is merely a declaration that the agreement shall not be considered asa“ consent ’ ’ to such an adoption.
No “ consent ” is required of the father of a child born out of wedlock. The statute is explicit. It states that only the consent of the mother of a child born out of wedlock is required (Domestic Relations Law, § 111, subd. 3). The father simply has no standing before this court to object to the adoption by the husband of the natural mother.
Even if this were, however, a contract not to offer the child for adoption, it would be against public policy. No cases on this point exist in this jurisdiction and a surface examination of the law of other jurisdictions reveals none.
The welfare of a child simply cannot be the subject of barter. Adoption is a status created by statute. The statutes vest in courts the determination of the child’s welfare (Domestic Relations Law, § 114). The rights of unoffending natural parents must of course be considered and their wishes will rarely be disregarded. However, even natural married parents may not contract between themselves or with others concerning the welfare of the child. A court and a court alone must make each and every determination affecting the child’s status.
As noted, the statutes give the father of a child born out of wedlock no rights in such determination. This has always been so (L. 1873, ch. 830). It represents a legislative determination that only by marriage to the mother may the father attain status.
The answer to the petition for adoption is stricken.