■ In the Matter of ARLENE C. (Anonymous), Respondent, v. STEPHEN B. (Anonymous), Appellant.— In a paternity proceeding the appeal is from an order of the Family Court, Richmond County, dated July 21, 1970, which modified a prior order of support dated December 30, 1969 by increasing the amount directed to be paid for support of the child from $10 per week to $30 per week, with leave to petitioner to seek further modifications on a showing of a change in circumstances. Order dated July 21, 1970 reversed, on the law, without costs, and matter remanded to the Family Court for further proceedings not inconsistent herewith. Petitioner commenced a paternity proceeding to have appellant declared the father of her out-of-wedlock child born on April 11, 1969. The parties reached an agreement pursuant to section 516 of the Family Court Act under which appellant admitted paternity and agreed to make modest support payments. Separate orders of filiation and support were made and entered on December 30, 1969. Petitioner thereafter successfully sought an increase in support payments, which resulted in the order of July 21, 1970. An examination of the records of the Family Court and the hearing minutes of December 30, 1969, wherein appellant admitted paternity and agreed to a support order, does not reveal that notice of the support agreement was given to the public welfare officials as required by subdivision (b) of section 516 of the Family Court Act. Without such notice, the court was without power to approve an agreement or compromise in a paternity proceeding and consequently the support order of December 30, 1969 must be deemed void and should be vacated. Since it is evident that the agreement of appellant to admit paternity was part and parcel of a single transaction, we believe that he should be permitted to withdraw said admission of paternity, that the order of filiation should be vacated and that appellant should be restored to his original position. Martuscello, Acting P. J., Latham, Shapiro, Brennan and Benjamin, JJ., concur.