Leon D. Lazer, J.
Petitioner, the former wife of respondent, moves by an order to show cause for an order (1) modifying a Mexican divorce decree by increasing its provisions for alimony and support; (2) consolidating the modification proceeding with the respondent’s own action for partition of certain real property which formerly constituted the marital abode; (3) sequestrating respondent’s interest in the said property for failure to make support and alimony payments pursuant to the Mexican decree. The partition action has been stayed pending determination of this motion.
*947 The parties were married in 1948 and divorced by Mexican decree dated January 15, 1965. A separation agreement fixing alimony and support (together with other provisions) was incor-. porated in the foreign judgment by reference with the usual provision that it would nevertheless survive.
. The respondent established residence in the State of Arizona and instituted the partition action in this court after alleged nonperformance by the petitioner of her obligation under the separation agreement to sell the former marital abode which she continued to occupy after the divorce. Petitioner has invoked the provisions of CPLR 303 to obtain in personam jurisdiction over the respondent by serving the order to show cause and supporting papers upon respondent’s attorney in the partition action. Respondent asserts that CPLR 303 may not be utilized to obtain jurisdiction in this proceeding. The court is thus faced with a threshold question which requires determination prior to consideration of the other problems raised in this proceeding.
CPLR 303 provides as follows: ‘ ‘ The commencement of. an action in the state by a person not subject to personal jurisdiction is a designation by him of his attorney appearing in the action or of the clerk of the court if no attorney appears, as agent, during the pendency of the action, for service of a summons pursuant to section 308, in any separate action in which such a person is a defendant and another party to the action is a plaintiff if such separate action would have been permitted as a counterclaim had the action been brought in the supreme court. ’ ’
The attack on petitioner’s use of CPLR 303 to obtain jurisdiction is threefold. Respondent asserts that the section may not be used in a matrimonial action; the order to show cause is not a summons; and that petitioner’s proceeding does not otherwise meet the test of the statute because it would not have been permitted as a counterclaim.
There is no express prohibition of the application of CPLR 303 to matrimonial actions (11 Zett-Edmonds-Schwartz, N. Y. Civ. Prac., par. 4.03). The 1972 amendment to that section inserted the words “ pursuant to section 308 ” (L. 1972, ch. 487, § 1) for the purpose of providing for methods of service other than personal upon the attorney or Court Clerk. The change resulted from prior restrictive interpretation of the statute which limited service under the section to personal service (see Twentieth Century-Fox Film Corp. v. Dupper, 33 A D 2d 682). (Sixteenth Annual Report of N. Y. Judicial Conference, 1972, Report to 1971 Legislature in relation to CPLR, pp. A 23, A 38.) Subdivision 1 of CPLR 308 provides for service by delivery of *948 the summons within the State to the person to be served. Here that person was the respondent’s attorney in an action instituted by respondent in the State. Nothing in subdivision 1 of CPLR 308 prohibits the use of such service in a matrimonial action.
In this era of expanding concepts of personal jurisdiction in matrimonial actions (see 11 Zett-Edmonds-Schwartz, N. Y. Civ. Prac., par. 4.02), the Second Department has even held the execution -of a separation agreement in New York to be sufficient basis to invoke the “long arm” statute (see Kochenthal v. Kochenthal, 28 A D 2d 117; but contra, Carmichael v. Carmichael, 40 A D 2d 514 [where the agreement was incorporated in a foreign decree]). CPLR 303 warrants no reading sufficiently restrictive to imply a prohibition against its use in matrimonial actions.
Respondent’s contention that the use of an order to show cause to institute this proceeding was improper because CPLR 303 refers to a “ summons ”, defies the definition of summons in section 31 of the Domestic Relations Law. There a summons is defined to ‘ ‘ include a subpoena, warrant, citation, order or other notice, by whatever name known ”.
A counterclaim is “ any cause of action in favor of one or more defendants ” against one or more plaintiffs (CPLR 3019, subd. [a]). Earlier narrow concepts as to what types of cause of action were permissible have been long abandoned (L. 1936, ch. 324). If a defendant has any right to bring an action, and if he states it properly against the plaintiff in the capacity in which he is sued (Ehrlich v. American Moninger Greenhouse Mfg. Corp., 26 N Y 2d 255) the counterclaim is proper (Ruzicka v. Rager, 305 N. Y. 191). The cause of action stated here — to modify the alimony and support provisions of a foreign decree — is a new class of proceeding (Matter of Seitz v. Drogheo, 21 N Y 2d 181) and the petitioner states a cause of action under it. There can be no doubt that the court has jurisdiction of the respondent in this proceeding.
The other procedural issue raised by the respondent arises from petitioner’s request for consolidation of the pending partition action with this proceeding. The applicable test of the availability of consolidation is different than the one applicable to counterclaims. The matters to be consolidated must involve a common question of law and fact (CPLR 602). While it is not necessary that all issues of law involving important rules or facts be common to both actions (Gibbons v. Groat, 22 A D 2d 996), at least one must be (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 602.02). The view that an action may not be consoli *949 dated with a special proceeding has been abrogated, at least in the Second Department (Matter of Elias, 29 A D 2d 118).
The common issue of law and fact here is whether the respondent may proceed to partition the real property in the face of petitioner’s attempt to sequestrate his interest. In addition, there may be a question relating to respondent’s right to partition under the separation agreement in the face of his alleged failure to meet other obligations it imposed on him. Unfortunately, the court was not provided with the pleadings in the partition action but issues of law and fact common to both the partition action and the matrimonial proceeding appear to exist (see Ripp v. Ripp, 64 Misc 2d 323). Consolidation is thus warranted.
Respondent’s final shield is the theory that the separation agreement precludes application by the petitioner for modification of the Mexican decree unless there is a danger that she will become a public charge (McMains v. McMains, 15 N Y 2d 283). However petitioner has alleged breach of the separation agreement by the respondent, who is in arrears, and the bar of the separation agreement may well be removed (Cavellier v. Cavellier, 4 A D 2d 600). In any event, petitioner’s failure to allege that she is about to become a public charge is not fatal since that determination may be made after hearing (Matter of Aranow v. Aranow, 57 Misc 2d 86). The petition also states a cause of action because the separation agreement cannot affect the children’s rights (Moat v.Moat, 27 A D 2d 895). The petitioner has a right to bring this proceeding in the Supreme Court (Matter of Seitz v. Drogheo, 21 N Y 2d 181, supra), and respondent is properly before the court.
A hearing on the issues raised in the petition is set down to take place at a Special Term, Part V of this court to be held at the Court House, Supreme Court Drive, Mineóla, New York, on the 6th day of August, 1973 at 9:30 a.m.