Harold Hyman, J.
The plaintiff husband and defendant wife were married on April 29, 1965; there is one child of the marriage, a girl born on May 1, 1967, who resides with defendant.
Plaintiff and defendant entered into a written separation agreement which was filed in the office of the County Clerk of Queens County on July 25, 1974. Plaintiff now seeks to convert such agreement into a divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law.
Even though defendant appeared by counsel but did not contest the complaint, this court believes itself to be duty bound to examine the agreement and. to determine its validity or lack of validity. In so doing the court has noted various *1017 matters regarding this agreement which raise serious questions as to the validity thereof, and particularly so since plaintiff offered no proof of a substantive nature as to the economic propriety of said agreement at the time of its execution, which this court believes, in the instant matter, was necessary because of the very substance and lack of substance contained therein.
The agreement contains a preamble wherein it is stated that the parties confirm their decision to separate and to make arrangements in connection therewith as to their own property rights, the custody, support and education of their child and as to other rights and obligations. It then contains certain provisions: (a) for the parties to live separate and apart without interference from the other: (b) "4. Wife’s Debts. The Wife shall not incur any debts or make any such contract so long as the Husband performs all of his obligations under this Agreement. If the Wife violates this provision, and as a result thereof, the Husband is obliged to make payment or payments to others, he shall have the right to deduct the amount of such payment or payments from the next earliest amount payable to the wife under this Agreement until full reimbursement is had by the husband. "(Emphasis supplied.)
On its face the foregoing provision looks innocent enough to be deemed proper and valid, but, when taken and applied to another "dependent” provision in the agreement, it takes on a different hue, one which, in the opinion of this court, does not withstand a claim of lack of validity, that is, not merely being voidable, but actually "void”.
In regard to the foregoing observation and before discussing it in full, it becomes necessary to pass by certain other intermediate provisions and examine paragraphs "7”, "8”, "9”,°"10” and "12”.
Paragraph "7” speaks of the parties having divided their personal property, and then states: "The wife and child shall physically remove from the apartment occupied by the parties on or before July 13, 1974.” This is followed by paragraph "8”, which provides for defendant to have custody of the child, with plaintiff being granted liberal rights of visitation and communication with the child.
Paragraph "9”, entitled "The Support of the Wife”, provides that: "The Husband shall pay to the Wife for her support and maintenance, the sum of two-thousand ($2,000) dollars in a lump sum, and will pay $200.00 per week * * * for a period of *1018 twelve (12) weeks * * * The Wife agrees to accept the aforesaid payments in lieu of any and all alimony and support demands and will secure employment and seek to be self-supporting in the future. ” (Emphasis supplied.)
Before discussing the latter provision ("The Support of the Wife”), and in order first to clarify the court’s previous observation regarding the wife’s incurring debts in violation of the agreement (paragraph "4”, supra), paragraph "10” thereof must be examined. Said paragraph "10” speaks of "Support and Maintenance of the Issue”;, it states: "The Husband shall pay to the Wife for the support and maintenance of the issue, the sum of fifty ($50.00) dollars each and every week, said sum to be paid * * * following termination of the weekly payments of two-hundred ($200.00) dollars per week for the aforesaid twelve (12) week period. The liability of the Husband in regards to these payments shall cease upon the happening of whichever of the following events shall first occur: (a) the death of the Wife;”. (Emphasis supplied.)
Paragraph "12”, entitled "Acceptance by Wife”, states: "Wife acknowledges that the provisions of this Agreement for her support and maintenance and the support and maintenance of the issue are fair, adequate and satisfactory to her, and in keeping with her accustomed standard of living, and her reasonable requirements. The Wife, therefore, accepts these provisions in full and ñnal settlement and satisfaction of all claims and demands for alimony or for any other provisions for support and maintenance, and fully discharges the Husband from all such claims and demands except as provided in this Agreement.”{Emphasis supplied.)
On the face of the agreement (paragraph 4), it would appear to this court that if the defendant wife was to incur any debt, even if it be one constituting an absolute necessity for the child for dental, surgical, hospital or medical treatment, or for extraordinary medical, hospital, surgical or dental necessities not covered by any insurance maintained by plaintiff and for which defendant could not afford to pay out of the support payment or even from her own income, if any, and, if plaintiff be deemed liable and be called upon to pay therefor, he, plaintiff, would have the right to deduct such sums from the weekly child support payment of $50, and might thereby deplete such support payment into a zero for a considerable period of time. This could, in effect, deprive the infant issue of support to which she is first, primarily, entitled from plaintiff, *1019 her father (Family Ct Act, § 413; Anonymous v Anonymous, 173 Misc 679). Such statutory duty and obligation he cannot contract away by agreement with defendant, nor could the right of the child to support from the plaintiff be in anywise affected by any kind of estoppel against the defendant. ("Fulde” v "Stone”, 196 Misc 732, revd on other grounds 277 App Div 1123.) The right of the child to support from her father is not a mere procedural one; it is a statutory as well as a substantive right and obligation by the parent father. (Behren v Behren, 72 Misc 2d 70.) This court finds, therefore, that in respect to the foregoing provision "10”, the agreement, as it is dependent upon "4”, is void.
Looking now to paragraph "10”, the agreement provides that the plaintiffs liability to support his child shall cease upon "(a) the death of the Wife.”
The law is well settled that the obligation of a natural father to support his child until emancipated or has reached the age of 21 years cannot be terminated by the mere death of the mother (Matter of Slochowsky v Lavine, 73 Misc 2d 563; Family Ct Act, § 413); nor can such a fundamental right be abrogated or derogated by any act or agreement of the parents (Matter of Belt v Belt, 67 Misc 2d 679; Matter of Kern v Kern, 65 Misc 2d 765; Matter of Zoro v Lino, 71 Misc 2d 725).
Here again, this court therefore finds this provision of the agreement to be void and contrary to public policy.
Coming now to paragraph "9” of the agreement, it provides that plaintiff husband pay to defendant wife a "lump sum of $2,000 plus $200 per week for a period of 12 weeks” (a total sum of $4,400), by which he purchases from her a permanent release and her acceptance "in lieu of any and all alimony and support demands” and her agreement to "secure employment and seek to be self-supporting in the future.”
Primarily, it is the obligation of the husband to support his wife (Family Ct Act, art 4) and section 5-311 of the General Obligations Law prohibits spouses from contracting to relieve the husband of his obligation to support his wife. Recent decisions hold that the husband who enters into such an agreement, providing for a lump sum settlement in lieu of future support, does so at his peril (Vaughan v Vaughan, 33 NYS2d 272) for the agreement will be set aside when the fund is exhausted and the wife liable to becoming a public charge (DeRobertis v DeRobertis, 261 App Div 476; Friedman v Friedman, 114 NYS2d 874).
*1020 Although the Court of Appeáls has said that by such an agreement the husband does not recognize, and join with his wife in measuring, his persisting liability to her, and that in lump sum agreements the husband allegedly buys his release for a price, it nevertheless has not laid down any definitive rdle as to the validity of lump sum separation agreements. (2 Foster-Freed, Law and The Family, § 28:18, p 406; Jackson v Jackson, 290 NY 512.) Nevertheless, it has been specifically held that a lump-sum payment provision in a separation agreement by which a husband attempts to purchase exemption from his continuing duty or attempts to purchase a release from his continuing obligation to support his wife, is void even though the sum be adequate (General Obligations Law, § 5-311 [formerly Domestic Relations Law, § 5]; Van Dyke v Van Dyke, 278 App Div 446; Goldman v Goldman, 282 NY 296; Kyff v Kyff, 286 NY 71; Jacobson v Jacobson, 140 NYS2d 917); for in order that such agreements be upheld and not deemed "void” they must call for " 'regular substantial, periodic payments’ ” representing a mutual admeasurement in dollars of the husband’s continuing obligation to support his wife (Haas v Haas, 298 NY 69, 72; Henderson v Henderson, 47 AD2d 801; Van Dyke v Van Dyke, supra, p 449; Nusbaum v Nusbaum, 280 App Div 315; Moat v Moat, 27 AD2d 895). "They will not be countenanced if they constitute an attempt to release the husband from such obligation. (Jackson v. Jackson, 290 NY 512, 516.)” (Van Dyke v Van Dyke, supra, p 449; General Obligations Law, § 5-311.) The theory of lump sum settlement has been extended also to a lump-sum payment plus weekly payments which are to continue for only a limited period of time. (22 NYCRR 699.9 [f] [4].) Rule 699.9 (f) (4) of the Supreme Court, Appellate Division, Second Department, provides:
"(4) Stipulation or agreement between the parties.
"As a matter of policy, neither a property stipulation nor a separation agreement between the parties will be incorporated by reference in the judgment. While such a stipulation or agreement serves an important purpose since it obviates the necessity for testimony concerning need on the one side and financial ability on the other, blanket incorporation by reference will result in an unclear judgment if the wording of the stipulation or agreement is imprecise. It may also result in a judgment beyond the power of the court to make. Thus, though a provision waiving alimony will bind a wife who has *1021 been guilty of misconduct that could be ground for a separation or divorce, Domestic Relations Law, section 236, and to the extent that it fairly assesses the husband’s financial obligation to the wife is binding upon a wife who has been guilty of such misconduct, it will not bar a wife not guilty of such misconduct when (i) the amount agreed upon is plainly inadequate, (ii) the wife is in danger of becoming a public charge, (iii) the agreement or stipulation is set aside for fraud or duress, or (iv) the agreement or stipulation is in violation of General Obligations Law, section 5-311, as when it provides for a lump sum payment in satisfaction of the husband’s support obligation, or provides for a lump sum plus weekly payments which are to continue for only a limited time.” (Emphasis supplied.)
It is, therefore, the opinion of this court that the support provision of the agreement between plaintiff and the defendant wife herein is void in that it violates existent case and statutory law. It is a bold, obvious attempt by the plaintiff to relieve himself of his statutory obligation. (Jackson v Jackson, supra; Van Dyke v Van Dyke, supra, p 449.)
At the time the agreement was executed, the fact that defendant was not employed was therein so stated. Even now, plaintiff has not adduced any proof of the defendant wife’s having any income or earnings to even attempt to reconcile and alleviate so suspect an agreement. For all that may be known, the defendant wife may be presently a public charge receiving public assistance, which, by reason of the plaintiff’s financial affluence and ability to support her, she should not be receiving or need.
In that regard the agreement is more suspect when we note that the action was originally commenced in 1972, at which time defendant moved for temporary alimony and child support; her papers contain the "Official Form” (financial statement), which specifically indicates that plaintiff then had "Casb on hand or in Bank — $10,249.”; this was not denied by him. It also indicated that the household furnishings had a value of $2,000. Therefore, examining paragraphs "7” and "9” of the separation agreement, which they entered into two years after the action had been commenced, it becomes apparent that in actuality the lump sum $2,000, paid by plaintiff to defendant, was for the furniture. The $200 alimony per week payable for 12 weeks cannot be deemed actual "mutually admeasured support” for herself, but only as lump sum, being *1022 payable in 12 installments totaling $2,400 in release of all claim by defendant for alimony. It is to be further noted that during that same 12-week periodno provision was made for child support; the latter only commenced after the 12-week period of installments elapsed.
It is the opinion of this court that the agreement is permeated with illegal content and also a lack of content necessitous to a fair, valid and positively generative support agreement for wife and child, to the end that plaintiff be, if necessary, a continuing resource to prevent his wife, defendant, and their child from the danger of becoming a public charge and a recipient of public assistance; this, even though it may not eventuate until he has fully discharged his contractual obligation, a mere period of 12 weeks. (McMains v McMains, 15 NY2d 283.) Such unlawful permeation goes to the very heart and root of such agreement as to invalidate it completely (Glusker v Glusker, 108 Misc 287, 290, 291). Therefore, the so-called "Separation Agreement” is herewith declared "void in its entirety”; and the complaint is therefore dismissed, on its merits.