OPINION OF THE COURT
Richard H. Farley, J.
A petition was filed in this court on December 13, 1979 pursuant to the provisions of the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A) for review by the Family Court of Onondaga County seeking an order compelling support by the respondent of two children of the marriage residing with petitioner. By order dated February 19, 1981 the petition was transferred by the Family Court of Onondaga County to this court pursuant to the provisions of section 174 of the Family Court Act. Respondent has counterclaimed for child support of $50 per week.
The parties entered into a separation agreement on November 2, 1977 which agreement was incorporated by reference in a judgment of divorce entered December 28, 1978. By the terms of the agreement respondent received custody of the four children of the marriage, and petitioner was obligated to pay to respondent the sum of $1,300 per annum per child residing with respondent, in equal weekly installments of $25 per child with a reduction of $5 per week per child whenever three or more children resided with respondent. The separation agreement did not include any express provision for support by the respondent and *13 only provided a credit to the petitioner of the applicable weekly rate for each week a child resided with him.
By previous order of this court dated December 13, 1979 petitioner had been directed to pay to the respondent $40 per week for the support of the two children residing with her and an additional $10 per week in payment of support arrears of $900, amounting to a total of $50 per week. Respondent argues that the prior order of this court is res judicata. However, at the time of the prior hearing according to the testimony of respondent, three of the children were living with her and the oldest child, Thorbjorg, was residing with the petitioner during the school year. The fact that two of the children now permanently reside with petitioner results in a substantial change of circumstances wherein the court may exercise its continuing jurisdiction to modify, set aside or vacate a previous order. (Family Ct Act, § 451; Yeackel v Linstead, 67 AD2d 755.)
The development of the law in the last several years providing for equal treatment of the duties and responsibilities of women and men has created whirlwinds of change. In 1977 the winds of change rocked the area of child support. It was held in that year that the duty of a parent to support a child was a gender-free obligation. (Matter of Carter v Carter, 58 AD2d 438.) This view authorized the Family Court to assess the financial means and abilities of both father and mother on the issue of child support. (Matter of Post v Moore, 99 Misc 2d 812.) The law remained, however, that the provisions of a separation agreement incorporated but not merged into a decree of divorce would be enforced by the Family Court as negotiated by the parties themselves, absent a showing of an unforeseen change in circumstances and a concomitant showing of need. (Matter of Boden v Boden, 42 NY2d 210, 213.)
At the same time the statutory law provided for the primary duty of support in the father and support by the mother only whenever the father of the child was dead, incapable of supporting the child, or not located within the State. (Family Ct Act, former §§ 413, 414.) However, that was all to change in 1980. Section 413 of the Family Court Act was amended and section 414 of that statute repealed. *14 (L 1980, ch 281, §§ 28, 29.) Under section 413 of the Family Court Act as amended, the father and the mother of a child are equally responsible for support, and the Family Court has the power, and the duty, to apportion the cost of such support between them in accordance with their respective means, without regard to the sex of the parent. The issue of child support can be decided now only after consideration of this amended standard.
Prior cases have held that a separation agreement which did not make any provision for a father to provide support for his children was void on its face since it was in contravention of the father’s statutory obligation to support his children. (La Porte v La Porte, 85 Misc 2d 1009; Belaustegui v Belaustegui, 85 Misc 2d 1015.) A child’s mother should now be held to the same standard. (Family Ct Act, § 461, subd [a]; §413.)
A review of the assets, earnings, expenses and obligations of the parties in this proceeding reveals that their financial means and abilities to support their children are similar, if not equal. The petitioner’s and respondent’s weekly net incomes are $272.30 and $231.62, respectively, and their necessary expenses are relatively similar. The petitioner paid to the respondent in 1977 one half of the net fair market value of two parcels of real estate owned by the parties. Two children, aged 18 and 15, reside with petitioner and two children, aged 17 and 13, reside with respondent. It appears, however, that the petitioner has an additional asset, vested though not received according to his testimony — a net $18,000 from his deceased mother’s estate.
In view of the foregoing, the order of the court is hereby modified to direct payment by the petitioner to the respondent of the sum of $20 per week effective May 22,1981 and an additional sum of $540 in full payment of arrears of support pursuant to the order of December 19, 1979 and $650 in partial payment of delinquent amounts from that date. The above payments are to be made within 30 days from the date of this decision to the Delaware County Support Collection Unit. All other arrears are hereby canceled and said unit is directed to forward to the respondent all sums collected and presently held in escrow. The *15 petition herein and the counterclaim of respondent are hereby dismissed. On its own motion this court’s order dated December 13, 1979 is modified as above stated.