██ In the Matter of MARJORIE BURNSIDE, Respondent, v

Gerard W. Somerville, Jr., Appellant. [609 NYS2d 127] —Order unanimously reversed on the law without costs and matter remitted to Queens County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in denying respondent's objections to the Hearing Examiner's support order. After the parties orally agreed upon the amount of respondent's basic child support obligation, the Hearing Examiner incorporated that amount into the support order and determined the amount of support arrears owed by respondent based upon that figure. The amount agreed upon by the parties deviates from the amount of respondent's basic child support obligation.

The Hearing Examiner erred in adopting the figure agreed upon by the parties as respondent's basic child support obligation and in incorporating that figure into the support order. Although the parties may enter into an agreement concerning respondent's support obligation, Family Court Act § 413 (1) (h) requires that such agreement be in writing and state that the parties have been advised of the provisions of the Child Support Standards Act and that the basic child support obligation provided for in the agreement presumptively is the correct amount of child support to be awarded. That subparagraph further provides that, if the agreed-upon amount deviates from the basic child support obligation, the agreement must include a provision specifying the amount that the basic child support obligation would have been, and stating the reason(s) why the parties have agreed upon a different amount. Further, "[s]uch provision may not be waived by either party or counsel." The agreement relied upon by the Hearing Examiner was not in writing and did not include the provisions required by section 413. Moreover, where the order incorporates an agreement that deviates from the amount of the basic child support calculated by the Hearing Examiner, the order must set forth the reasons for such deviation (Family Ct Act § 413 [1] [h]). The Hearing Examiner's order does not comply with that mandate.

Further, Family Court Act § 439 requires a Hearing Examiner to submit findings of fact and an order. The materials that purport to constitute findings in this case consist of three pages of handwritten notes, some of which are in shorthand and some of which are barely decipherable only if read together with the hearing transcript. Such hand "scratchings" are not sufficient for judicial review and do not constitute the findings contemplated by the statute.

In sum, the Hearing Examiner failed to determine properly respondent's basic child support obligation and failed to set forth those findings and reasons required by Family Court Act § 413 (1) (h). We reverse the order of Family Court and remit this matter to that court for a de novo hearing. (Appeal from Order of Queens County Family Court, Lauria, J.—Child Support.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.