■ In the Matter of JAMES RIGGIE, Respondent, v DELORES RIGGIE, Appellant. [630 NYS2d 184] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings on the petition. Memorandum: Respondent appeals from an order of Family Court incorporating an oral stipulation by counsel that, *inter alia,* terminated child support for the parties' daughter retroactive to April 14, 1994. Inasmuch as the order reduced the support obligation of petitioner from $125 a week to zero per week in exchange for termination of visitation with his child, the order and stipulation upon which it is based are under the purview of the Child Support Standards Act (Family Ct Act § 413). Opting-out agreements that attempt to establish a level of child support at variance with the Child Support Standards Act must be in writing *(Matter of Burnside v Somerville,* 202 AD2d 1064; *see also,* Family Ct Act § 413 [1] [h]). Furthermore, the stipulation fails to establish that the parties were advised of the Child Support Standards Act and that application of the statute would presumptively result in the correct amount of child support. The stipulation also fails to set forth the amount that petitioner would be required to pay under the statute. Additionally, the order of the court incorporating the stipulation fails to set forth the court's reasons for approving the opting-out arrangement. Therefore, we reverse the order and remit the matter to Erie County Family Court for further proceedings on the petition. We note that, in reversing the order of the court, we are effectively reinstating the order of support of Supreme Court dated March 28, 1991. (Appeal from Order of Erie County Family Court, Dillon, J.—Child Support.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.

