[637 NYS2d 538]

In the Matter of MICHELLE W., Respondent, v FORREST JAMES
P., Respondent. BRITTANY W., Appellant.

Fourth Department, February 2, 1996

**APPEARANCES OF COUNSEL**

*Robert J. Simon, Law Guardian,* Olean, for appellant.

*Fern S. Adelstein,* Olean, for Michelle W., respondent.

*Robert E. Mountain, Jr.,* Olean, for Forrest James P., respondent.

### OPINION OF THE COURT

LAWTON, J. P.

■ This case, one of first impression before this Court, concerns the validity of an agreement between the parents of a child born out of wedlock that was approved by Family Court and incorporated into its order. The agreement purports to release the father, whose paternity was judicially determined, from responsibility to support the child once a specified amount of support has been paid in full, in exchange for his relinquishment of all paternal rights to the child for the remainder of her life. For the reasons that follow, we conclude that the agreement is not authorized by statute and is void as against public policy.

On May 27, 1994, petitioner filed a petition seeking custody of the parties' infant daughter. An order of filiation had been entered determining that respondent is the father of the child. On July 1, 1994, respondent appeared in court, a Law Guardian was appointed for the child and the matter was adjourned. The parties thereafter entered into an agreement wherein petitioner agreed to "accept the sum of $4,250.00 @ $25.00 per week = $1,300.00/year for 3 years * * * + 350.00/Medical Bills" as and for respondent's support of the child. Respondent agreed to pay the support in the amount of $100 per month until the balance was paid in full. The agreement further provides that respondent relinquishes all of his parental rights to the child for the rest of her life; that petitioner accepts all parental rights of the child; and that petitioner will take no further action against respondent for "child support, medical bills, etc." The court approved the agreement over the objection of the Law Guardian. The agreement was incorporated but not merged in the subsequent order dismissing the custody petition. The present appeal by the Law Guardian ensued.

■ Family Court Act § 516 (a) permits a mother and putative father of a child to enter into a binding agreement for support of their out-of-wedlock child provided that the court determines that adequate provisions have been made for the child *(see, Bacon v Bacon,* 46 NY2d 477). That section does not apply here because respondent's paternity has been judicially determined. Moreover, the court erred in approving the agreement without

first providing the public welfare official with notice and an opportunity to be heard *(see,* Family Ct Act § 516 [b]; *Matter of Arlene C. v Stephen B.,* 37 AD2d 567). In addition, the record fails to disclose that any evidence regarding respondent's finances was provided to the court. Because the court failed to review respondent's finances, it could not approve the agreement pursuant to Family Court Act § 516 (a) even if it were applicable.

■ The agreement also cannot be sustained as a support agreement pursuant to Family Court Act § 413 (1) (h). That paragraph permits opting-out agreements that establish an amount of child support that varies from the Child Support Standards Act (Family Ct Act § 413). Here, the agreement unquestionably varies from the basic child support obligation because respondent is to pay support for only three years. Because of that deviation, section 413 (1) (h) requires that the agreement "must specify the amount that [the] basic child support obligation would have been" and the reason or reasons why the parties have agreed upon a different amount. Further, " '[s]uch provision may not be waived by either party or counsel' " *(Matter of Burnside v Somerville,* 202 AD2d 1064, 1065). This agreement fails completely to satisfy those requirements. Additionally, the order incorporating the agreement fails to set forth the reasons for the court's approval of the deviation, as required by Family Court Act § 413 (1) (h) *(see, Matter of Riggie v Riggie,* 217 AD2d 909; *Matter of Burnside v Somerville, supra,* at 1065).

■ We likewise conclude that the provision in the order and agreement, that petitioner accepts full parental rights to the child and respondent agrees to relinquish all of his parental rights to the child, cannot be upheld. The severing or establishing of parental rights can only be accomplished through statutorily governed proceedings, i.e., adoptions or permanent neglect proceedings. The present agreement, which determines the parental rights of petitioner and respondent, fails woefully to satisfy the statutory requirements for an adoption *(see generally,* Domestic Relations Law §§ 112-116).

Furthermore, the court in accepting this parental rights agreement failed in its duty to make an independent determination of the best interests of the child. It is axiomatic that no agreement between parties regarding the custody of their offspring can bind the hands of the court *(see, Matter of Steven R. J. v Nancy J.,* 117 Misc 2d 725). Indeed, a contract depriving a

child of his rights is not binding upon the child *(see, Matter of MacFadden v Martini,* 119 Misc 2d 94, 97; *Nelson v Nelson,* 74 Misc 2d 946, 949; *Horowitz v Horowitz,* 197 Misc 260, 262). Agreements cannot be upheld where children are treated as chattels and their rights bartered away *(see, Matter of Paul,* 146 Misc 2d 379, 383-384; *Matter of Brousal,* 66 Misc 2d 711). "It is every child's birthright to be sustained and supported according to the means and station in life of its father [citations omitted]. This fundamental principle has been protected and perpetuated in all of our courts over the years" *(Matter of Dee v Dee,* 9 Misc 2d 964, 967; *see also, Belaustegui v Belaustegui,* 85 Misc 2d 1015, 1019). Here, the parties have in effect bargained away the birthright of the child. This agreement not only set forth the parental rights and support obligation of respondent, it completely eradicated his parental responsibilities. A parent cannot buy another parent's rights or sell his or her own rights. A contract exchanging parental rights for compensation simply cannot be countenanced by the courts *(see, Matter of Brousal, supra).*

Finally, we note that the court erred in dismissing the custody petition. After the court dismissed the petition, there was no proceeding before it to support the order incorporating the parties' agreement.

Accordingly, for all of the aforestated reasons, the order should be reversed, the petition reinstated, and the matter remitted for further proceedings on the petition before a different Judge.

FALLON, CALLAHAN, BALIO and BOEHM, JJ., concur.

Order unanimously reversed, on the law, without costs, petition reinstated, and matter remitted to Cattaraugus County Family Court for further proceedings in accordance with the opinion by LAWTON, J. P.