■ In the Matter of SARA L. VIZCAINO, Respondent, v GARTH A. BUTLER, Appellant. [669 NYS2d 382] —In a paternity and child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Clark, H. E.), dated January 3, 1997, which, *inter alia*, directed him to pay $192 per week in child support, (2) an order of the same court, also dated January 3, 1997, which, *inter alia*, directed the entry of a judgment in the amount of $4,032 against him, (3) an order of the same court, also dated January 3, 1997, which, *inter alia*, directed his employer to deduct the aforementioned sums from his salary and remit the sums to the Support Collection Unit, and (4) an order of the same court (Berman, J.), dated January 30, 1997, which denied his objections to the orders of the Hearing Examiner.

Ordered that the appeals from the orders dated January 3, 1997, are dismissed, without costs or disbursements (see, Family Ct Act § 439 [e]); and it is further,

Ordered that the order dated January 30, 1997, is reversed, on the law, with costs, the appellant's objections to the orders of the Hearing Examiner are sustained, the orders are vacated, and the matter is remitted to the Family Court, Queens County, for a de novo hearing and determination in accordance herewith.

Under the circumstances of this case, the Hearing Examiner's determination with regard to the mother's income, the amount of child care expenses, and the amount of arrears has no sound evidentiary basis and therefore must be rejected (see, *Nowacki v Nowacki*, 90 AD2d 795, 796; *Matter of Schmeling v Schmeling*, 178 AD2d 999; *cf., Matter of Avitzur v Rose*, 174 AD2d 843, 846). Moreover, the child support order issued by the Hearing Examiner failed to comport with the direction of Family Court Act § 413 (1) (c) (4) insofar as it did not separately state each party's prorated sum of child care expenses.

Further, Family Court Act § 439 (e) requires a Hearing Examiner to submit findings of fact. The materials that purport

to constitute findings in this case consist of three pages of handwritten notes, some of which are in shorthand and some of which are barely decipherable. These materials are insufficient for judicial review and do not constitute the findings contemplated by the statute (*see, Matter of Burnside v Somerville,* 202 AD2d 1064).

Accordingly, the order of the Family Court denying the father's objections to the Hearing Examiner's orders is reversed and the matter is remitted to that court for a de novo hearing and determination.

In light of the foregoing disposition, the appellant's remaining contention regarding the Hearing Examiner's application of the Child Support Standards Act in computing the amount of child support need not be addressed. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.