■ In the Matter of DANIELLE DU BOIS, Respondent, v KARL SWISHER, Appellant. [759 NYS2d 714] —Rose, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered April 9, 2002, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's motion to vacate a prior order entered on consent.

The parties, who married in 1987, are the parents of two children born in 1988 and 1990. In October 1991, the parties executed a written separation agreement including a provision specifying the amount of child support to be paid by respondent.

This agreement was later incorporated by reference, but not merged, into a judgment of divorce entered in June 1994. In July 2001, petitioner sought an upward modification of child support. During the parties' appearance before a Hearing Examiner, petitioner asserted that Family Court could ignore the child support provision of the divorce judgment and set support at the guideline amount provided by the Child Support Standards Act (*see* Family Ct Act § 413; Domestic Relations Law § 240 [1-b]) (hereinafter CSSA) because the agreement incorporated in the judgment did not contain the recitals mandated by the CSSA (*see* Family Ct Act § 413 [1] [h]; Domestic Relations Law § 240 [1-b]). The Hearing Examiner told respondent, who was appearing pro se, that if the agreed upon amount did not comply with the CSSA guidelines, petitioner would prevail because the divorce judgment did not appear to contain the statutorily mandated recitals. After the Hearing Examiner denied respondent's request for an adjournment, the parties reached a compromise as to the amount of increased child support and consented to entry of an order. The Hearing Examiner denied respondent's later applications for reconsideration or vacatur of the order, and Family Court then denied respondent's objections to the Hearing Examiner's decision, prompting this appeal. We affirm.

Upon review of the record, we find no merit in respondent's contention that he was misled into believing that the parties' agreement did not comply with the CSSA. While their agreement may have qualified for incorporation despite its lack of the recitations mandated by Domestic Relations Law § 240 (1-b) and Family Ct Act § 413 (1) (h) because it was executed before the statutes were amended in 1992 (*see Sloam v Sloam,* 185 AD2d 808, 810 [1992]), the 1994 divorce judgment failed to set forth Supreme Court's reasons for accepting the parties' deviation from the CSSA guidelines as required by Domestic Relations Law § 240 (1-b) (h). As there is nothing in the record to indicate that this omission was a mere oversight, we conclude that the judgment is ineffective to the extent that it purports to incorporate the child support provisions of the parties' agreement (*see Brown v Powell,* 278 AD2d 846 [2000]; *Matter of Riggie v Riggie,* 217 AD2d 909 [1995]). Thus, there was no misrepresentation of the effect of the divorce judgment and, if the Hearing Examiner had reached the issue, it would have been appropriate to disregard the judgment and decide child support de novo (*see Mitchell v Mitchell,* 264 AD2d 535, 538 [1999], *lv denied* 94 NY2d 754 [1999]).

As to respondent's contention that the consent order should

be vacated because the Hearing Examiner denied him an adjournment, we find no evidence of an abuse of discretion (*see Gutin-Nedo v Marshall, Cheung & Diamond, PC*, 301 AD2d 728, 729-730 [2003]).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.