■ KATHY COSTLEY, Respondent, v STEVEN B. MARTIN, Appellant. [766 NYS2d 244] —Peters, J. Appeals from two orders of the Supreme Court (Mulvey, J.), entered July 5, 2002 and January 7, 2003 in Tioga County, which denied defendant's motions for summary judgment dismissing the complaint.

---

* On this appeal, we will assume, without deciding, that Bachman is an insured.

By separation agreement dated February 26, 1991, the parties agreed that defendant would pay weekly child support in the amount of $150 for their two children, that no oral modifications would be permitted and that a waiver of any provision would not be deemed a continuing waiver. Their May 1991 judgment of divorce incorporated, but did not merge, this agreement.

In June 1993, the parties amended this agreement, reducing support payments to $400 a month due to defendant's unemployment and lack of financial resources. Denoted as "temporary relief" until defendant's financial circumstances changed, the modification further provided that all other provisions in the separation agreement would remain in full force and effect and that either party could petition the court for a modification without showing a significant change in circumstances.

Defendant paid $400 a month until September 2001 when he petitioned Family Court for a termination of support due to the children's emancipation. In connection with that proceeding, defendant submitted a financial affidavit. When plaintiff received a copy of that affidavit which showed defendant to be better off financially than he had been representing to her, she sought an award of arrearages based upon the original agreement. Her petition was dismissed on jurisdictional grounds. Plaintiff then commenced this breach of contract action in Supreme Court seeking damages in the form of arrearages due to defendant's allegedly fraudulent assertions that his financial situation had not improved since June 1993. After issue was joined, defendant unsuccessfully sought dismissal by summary judgment.

Defendant thereafter moved for dismissal of the action by contending that both the separation agreement and its modification failed to comply with the Child Support Standards Act (see Domestic Relations Law § 240 [1-b]) (hereinafter CSSA). Supreme Court found that while a failure to comply with the CSSA would be relevant in either a divorce action or a Family Court support proceeding, it was not germane in this action alleging a breach of contract. Defendant appeals both orders.

Addressing the denial of the first motion for summary judgment, we agree that defendant failed to show entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The parties' agreement specifically provided that a waiver of any provision would not be deemed a continuing waiver. Upon that basis, the court correctly found that plaintiff's failure to earlier move to enforce its

amended terms would not preclude the relief currently sought. As to defendant's contention that he had no duty to notify plaintiff of his change in circumstances, the language of the modification provision created a triable issue since it was clearly denoted "[a]s temporary relief, until [defendant's] financial circumstances change[d]."

Turning to the allegation that the original agreement failed to comply with the CSSA, we note that, at the time the agreement was executed and incorporated into the judgment of divorce, the parties were free to "opt out" of the CSSA's provisions if they did so knowingly (*see* L 1989, ch 567; Domestic Relations Law § 240 [1-b] [h]). Upon this sparse record concerning this issue, we cannot discern whether that was the case here.

Moreover, we reject defendant's assertion that the subsequent amendment to the CSSA, which required language indicating that the parties were not only aware of the CSSA but also sought deviation from its formulated amounts due to enumerated reasons, applied to the original agreement (*see* Domestic Relations Law § 240 [1-b] [h]; *Matter of Du Bois v Swisher,* 306 AD2d 610, 611 [2003]); by clearly articulated statutory terms, it was not to be applied retroactively (*see* L 1992, ch 41, § 146; *Sloam v Sloam,* 185 AD2d 808, 810 [1992]). However, the modification agreement, executed after the date of the amended CSSA, does fail to comply with the CSSA's terms. It is, therefore, invalid only as it pertains to the *amount* of child support, but not as to plaintiff's allegations of fraud (*see Toussaint v Toussaint,* 270 AD2d 338, 338-339 [2000]; *Sloam v Sloam, supra* at 810; *Sylofski v Sylofski,* 49 AD2d 971, 972 [1975]).

Accordingly, the order entered January 7, 2003, which denied defendant's motion due to a failure to comply with the provisions of the CSSA, is reversed and the matter is remitted to Supreme Court for a hearing on the issue of the parties' awareness of the provisions of the CSSA at the time of the original agreement (*see Matter of Du Bois v Swisher, supra* at 611-612; *Sloam v Sloam, supra* at 810) for the purpose of determining the validity of the support provisions of that agreement.

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order entered July 5, 2002 is affirmed, without costs. Ordered that the order entered January 7, 2003 is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.