In the Matter of BONNIE JEAN SMYTH, Appellant, v THOMAS E. FLANIGAN, Respondent. [768 NYS2d 836]—

Mercure, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered October 21, 2002, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for support of the parties' child.

The parties are the parents of a three-year-old child. In September 2000, petitioner filed a petition seeking support for the child and an order of filiation was thereafter entered determining that respondent is the father of the child. At a hearing, counsel for respondent detailed the terms of a proposed stipulation, including $1,200 per month in support, $300 per month in child care expenses, health care coverage for the child, and life insurance in the amount of $250,000. Petitioner, unrepresented by counsel, agreed to the terms and the Support Magistrate entered an order of support incorporating the terms of the stipulation. Subsequently, petitioner retained an attorney and filed objections to the order of support, which Family Court denied. Petitioner appeals and we now reverse.

Pursuant to Family Ct Act § 513, "each parent of a child born out of wedlock is chargeable with the support of such child

[, and a] court shall make an award for child support pursuant to [Family Ct Act § 413 (1)]." Section 413 (1) (h) mandates that opting-out agreements varying from the basic child support obligation contained in the Child Support Standards Act (Family Ct Act § 413) (hereinafter CSSA) must "specify the amount that such basic child support obligation would have been and the reason or reasons that such agreement or stipulation does not provide for payment of that amount." Moreover, "[a]ny court order or judgment incorporating a validly executed agreement or stipulation which deviates from the basic child support obligation shall set forth the court's reasons for such deviation" (Family Ct Act § 413 [1] [h]). Here, respondent concedes that there was no attempt to calculate the basic child support obligation through application of the three-step method provided in the CSSA (*see* Family Ct Act § 413 [1] [c]).[1] Inasmuch as the requirement that the amount of the basic child support obligation be set forth is " 'unbending' " and " 'cannot be waived by either party or counsel' " (*Bast v Rossoff*, 91 NY2d 723, 728 [1998], quoting *Matter of Cassano v Cassano*, 85 NY2d 649, 653-654 [1995]), we must remit this matter for a determination of respondent's child support obligation in accordance with the CSSA (*see Matter of Michelle W. v Forrest James P.*, 218 AD2d 175, 178-179 [1996]). We have considered the parties' remaining arguments and find them to be without merit.[2]

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.

---

1. Family Ct Act § 424-a (a) requires that "[i]n all support proceedings in family court, there shall be compulsory disclosure by both parties of their respective financial states." Accordingly, disclosure is necessary in this case to determine compliance with the provisions of Family Ct Act § 413.

2. In particular, we note that, contrary to respondent's argument, Family Ct Act § 516 does not apply here because an order of filiation establishing paternity has been entered (*see Matter of Michelle W. v Forrest James P., supra* at 177; *see generally Matter of Clara C. v William L.*, 96 NY2d 244, 247-248 [2001]).