■ In the Matter of MARIA E. McCOLL, Appellant, v JAMES J. McCOLL JR., Respondent. [774 NYS2d 586]—

Peters, J.P. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered January 29, 2003, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

The parties' judgment of divorce, dated November 14, 2001, incorporated, but did not merge with, a January 2000 separation agreement and an October 2001 modification agreement. In the original separation agreement, the parties acknowledged their understanding of the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]) and how its terms would ordinarily dictate each parent's support obligation for their minor child. After specifying the CSSA obligation, the agreement provided that such amount would not be imposed due to respondent's agreement to pay certain marital debt, the child's educational expenses and $100 per month in child support for a period of two years. In the modification agreement, respondent reaffirmed his obligation to pay $100 per month until January 2002. He thereafter agreed to calculate his support obligation using the CSSA guidelines—17% of his gross income, less FICA, but deviated by further excluding the child's school-related expenses. In the modification agreement, as in the original agreement, the parties acknowledged their understanding of the CSSA, the implications of its applicability, and detailed that "except as otherwise set forth [in the modification agreement], all terms and provisions of the [s]eparation [a]greement dated January 28, 2000, shall continue in full force and effect."

In October 2002, petitioner commenced this proceeding to increase respondent's child support obligation by alleging that there had been a change in circumstances and that there was no longer any basis for a deviation from the CSSA. Family Court dismissed the petition, prompting this appeal.

Petitioner contends that the modification agreement should be set aside because it fails to comply with the provisions of Family Ct Act § 413 (1) (h), which requires all such agreements to set forth what the "basic child support obligation would have been and the reason or reasons that such agreement or stipulation does not provide for payment of that amount." While this defect can be fatal (*see e.g. Matter of Sievers v Estelle*, 211 AD2d 173 [1995]), we do not find its omission determinative in these circumstances.

The modification agreement, executed shortly before the expiration of the two-year child support obligation established in the original separation agreement, provided that respondent's monthly obligation would continue and thereafter be adjusted in accordance with the CSSA. It also provided for a variance from the CSSA only insofar as it included a deduction for the cost of the child's education. In both agreements, the parties acknowledged their understanding of the CSSA and its applicability. Although the modification agreement failed to set forth the exact calculation of child support which would have been required under the CSSA before it detailed the reasons for the parties' deviation, such omission was cured by its incorporation of all terms and provisions of the separation agreement which did, in fact, so specify. With no proffer indicating that the parties' income or support obligations had changed at the time of the modification agreement—an agreement entered in temporal proximity to the separation agreement—we find it sufficient (*see id.* at 176).

The judgment of divorce is, however, deficient since it failed to set forth Supreme Court's reasons for accepting the deviation—a requirement that is " 'unbending [and] cannot be waived by either party or counsel' " (*Bast v Rossoff*, 91 NY2d 723, 728 [1998], quoting *Matter of Cassano v Cassano*, 85 NY2d 649, 653-654 [1995]; *accord Matter of Smyth v Flanigan*, 2 AD3d 1254, 1255 [2003]). As this defect rendered "the judgment . . . ineffective to the extent that it purports to incorporate the child support provisions of the parties' agreement" (*Matter of Du Bois v Swisher*, 306 AD2d 610, 611 [2003], *lv denied* 100 NY2d 515 [2003]), we are left to review petitioner's request for modification upon the standard necessitating a showing "that the agreement was not fair and equitable when entered into, or

that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" (*Merl v Merl*, 67 NY2d 359, 362 [1986]) "or that the child's right to receive adequate support is not being met" (*Engel v Jacobs*, 297 AD2d 657, 657-658 [2002]). We find that petitioner failed to sustain that burden (*see Matter of Lunman v Lomanto*, 239 AD2d 770, 770 [1997]) or show any other type of " 'extreme financial hardship' " (*Houle v Houle*, 304 AD2d 992, 993 [2003], quoting *Hewlett v Hewlett*, 243 AD2d 964, 966 [1997], *lvs dismissed* 91 NY2d 887 [1998], 95 NY2d 778 [2000]). Thus, there was no error in Family Court's dismissal of this petition (*see generally Matter of Lunman v Lomanto, supra*; *Matter of Kaffenberger v Kaffenberger*, 228 AD2d 743 [1996]; *compare Matter of Du Bois v Swisher, supra*; *Brown v Powell*, 278 AD2d 846 [2000]; *Matter of Mitchell v Mitchell*, 264 AD2d 535 [1999], *lv denied* 94 NY2d 754 [1999]; *Zenz v Zenz*, 260 AD2d 474 [1999]).

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.