■ Deborah J. Burger, Appellant, v Peter Burger, Respondent. [880 NYS2d 524]—

In a matrimonial action in which the parties were divorced by a judgment dated February 27, 1992, the mother appeals from an order of the Supreme Court, Nassau County (Gartenstein, J.H.O.), dated January 31, 2008, which, sua sponte, determined that the child support provisions in the parties' stipulation of settlement and subsequent judgment of divorce were null and void for failure to comply with Domestic Relations Law § 240 (1-b) (h), and, accordingly, denied that branch of her motion which was for an award of child support arrears.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, determined that the child support provisions in the parties' judgment of divorce and stipulation of settlement were null and void for failure to comply with Domestic Relations Law § 240 (1-b) (h), is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for consideration and determination of the merits of that branch of the plaintiff's motion which was for an award of child support arrears.

The plaintiff correctly contends that the Supreme Court erred in determining, sua sponte, that the child support provisions in the parties' stipulation of settlement and subsequent judgment of divorce were null and void for failing to comply with the requirements of Domestic Relations Law § 240 (1-b) (h). At the time the stipulation was executed and the judgment was issued, that statutory provision merely required that the stipulation and judgment recite that the parties were aware of the provisions of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) in reaching their agreement as to child support (*see* L 1989, ch 567, § 7; *Cefola v Cefola*, 231 AD2d 600, 601 [1996]; *Gonsalves v Gonsalves*, 212 AD2d 932, 934 [1995]; *Matter of Sievers v Estelle*, 211 AD2d 173, 175 [1995]). The stipulation and judgment in this case clearly complied with that requirement, and the Supreme Court's determination was based on its erroneous reliance upon the current version of Domestic Relations Law § 240 (1-b) (h), which was amended in 1992 to require additional recitations in such stipulations and judgments, and which did not retroactively apply to the stipulation and judgment in this case (*see* L 1992, ch 41; *Costley v Martin*, 309 AD2d 1124, 1126 [2003]; *Sloam v Sloam*, 185 AD2d 808, 810 [1992]). Accordingly, given the factual issues raised by the parties, the matter must be remitted to the Supreme Court, Nassau County, for consideration and determination of the

merits of that branch of plaintiff's motion which was for an award of child support arrears.

The defendant's remaining contentions are without merit. Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.